OVERTON, J.
Plaintiff, an elector and taxpayer of the city of Baton Rouge, alleges that said city, in violation of its charter, and of the laws of this state, has, in the past, granted to the Yazoo & Mississippi Valley Railroad Company the right to use and occupy parts of Front and Natchez streets in that city, and partially to obstruct those streets with buildings for its own use, without first submitting the question of making those grants to the property taxpayers, at an election called for that purpose, as required by Act 79 of 1896. He further alleges, that the Yazoo & Mississippi Valley Railroad Company has recently made application to the city of Baton Rouge for additional grants to use its streets, and especially for the right to lay and use additional railroad tracks and switches on Front, Natchez, and St. James streets, and for the right to entirely close Europe street, between St. James and Natchez streets, by building a freight depot entirely across Europe street, thereby closing it to the public. He then alleges the injury that will result, if the application of the railroad should be granted, and avers that the mayor and members of the commission council of the city have publicly committed themselves to the granting of said application, and have openly announced their intention of granting it without submitting the question to the property taxpayers of the city, as provided by law. He further alleges, in effect, that, in order to confer authority on the commission council to pass an ordinance granting .the application, it is necessary that a majority of the property taxpayers, voting at an election called for that purpose, should approve the proposed grant, and then he prays that a writ of injunction issue prohibiting the commission council, and the members thereof, from, passing an ordinance or resolution, or entering into a contract or agreement, conferring the right on the Yazoo & Mississippi Valley Railroad Company, or on any other corporation, to thus use and obstruct the streets of the city, until the council shall have obtained the consent of the taxpayers as- aforesaid.
The court below issued a rule nisi on the application for the injunction. The defendant, on the day that it was ordered to show cause why the writ should not issue, filed an exception to the jurisdiction of the court to issue it and also exceptions of prematurity and of no cause of action. The lower court maintained the first two exceptions, and dismissed the suit, but did not pass on the third.
The exception to the jurisdiction, which was maintained, is based on the ground that *791 courts are without jurisdiction to interfere with legislative action, and the exception of prematurity, which was also maintained, is based on the ground that, until the council has acted, the suit is premature. The two exceptions may be considered together.
The ruling of the trial judge, in our view, is correct. As a rule, subject to a few ex: ceptions, the writ of injunction cannot be used to obstruct the- ordinary functions of a municipal corporation. In the case of State ex rel. Behan v. Judges, 35 La. Ann. 1075, it was said:
“The general rule that courts cannot impede, by preliminary injunction, the usual functions of a municipal corporation, rests on the jriost solid foundation, daily strengthened' by judicial assistance, and is subject to very few exceptions, where, from the nature of the act to be performed, and of the consequent, inevitable and irreparable injury to public interest, the proposed action of the corporate body may be reached and controlled by the arm of the judiciary. Dillon on Municipal Corporations, §§ 94 and 908; High on Injunctions, §§ 783 and 795.”
In an earlier case, that of Harrison v. New Orleans, 33 La. Ann. 223, 39 Am. Rep. 272, in which an injunction was sued out to restrain the governing authorities of that city from passing an ordinance granting the right to the New Orleans Pacific Railroad Company to lay tracks on one of the streets of the city, this court applied the principle above stated and affirmed the judgment of the lower court dismissing the suit. See, also, in this connection, New Orleans Elevated Railway Co. v. Mayor & Council of New Orleans, 39 La. Ann. 127, 1 South. 434.
Applying the doctrine of these cases to the case at bar, we are of the opinion that the judge of the lower court ruled correctly when he denied the injunction and dismissed the suit. Granting that the privileges applied for will be granted without complying with such conditions as the law may exact, still such action cannot of itself injure j plaintiff. ■ The ordinance granting the privileges then would be null and void. It would confer no rights on any one, and its nullity could be decreed at the instance of any person having an interest in annulling it. Under the circumstances, the mere fact that the mayor and members of the commission council have publicly declared their intention of granting the rights applied for without complying with certain conditions that plaintiff deems necessary to a valid exercise of the power to make the grant, and have publicly committed themselves to that course, does not justify the issuance of an injunction, although it be assumed that plaintiff is correct in his conception of the procedure that is necessary. The remedy under such circumstances is not a writ of injunction to prevent municipal, action, but to attack the. grant as being null and void. It doubtless would be otherwise, if the mere passage of the proposed ordinance, granting the privileges, worked an injury, but, since its mere adoption cannot have that effect, neither the law nor the jurisprudence of this state goes so far as to sanction the interference, by writ of injunction, with the action of the council in disposing of such an application. To grant the writ, tinder' such, circumstances, would be to interfere unnecessarily with the action of municipal councils, and would subject them, without sufficient cause, to defend, in court, not their action, but merely their contemplated action. As it is, we are asked to order the issuance of the writ, when, in so far as appears, no ordinance purporting to grant such privileges, as those applied for, has been even prepared.
Plaintiff cites In re City of New Orleans et al., 149 La. 788, 90 South. 196, as supporting the contention that .the trial court, in this case, had jurisdiction to issue the injunction, and cited in connection with it State v. New Orleans, 151 La. 24, 91 *793 South. 533. In the former case, application was made to this court to annul a restraining order and temporary injunction issued by the civil district court of the parish of Orleans, at the instance of the state, to prohibit the city of New Orleans from adopting an ordinance relative to street railway franchises and the fixing of street car rates. However, this court, in that casé, refrained from passing on the question of the jurisdiction of the lower court to issue the writ of injunction, though it did drop the following remark:
“If the civil district court should eventually decide that the state is not entitled to the relief prayed for, it will be, perhaps, not for want of jurisdiction over the subject-matter, but for want of a cause of action.”
■ When that remark was made the court was referring to jurisdiction over the subject-matter, whereas, in the case at bar, the exception to the jurisdiction amounts to 'nothing more than an exception of no cause of action, limited in scope to a special feature of the case. In the case of New Orleans Elevated Railway Company v. New Orleans, and in that of Harrison v. New Orleans, cited supra, the same question as the one presented in this case, under the so-called exception to the jurisdiction, was decided under exceptions of no cause of action. It is immaterial what a defendant may term his exception. It is the substance of it that counts. The other case between the same parties, mentioned above, in connection with the one just considered, was dismissed on an exception of no cause of action. No reference was made to jurisdiction.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.