ELLIS, Judge.
This proceeding is before us on an application for writs of certiorari, prohibition and mandamus filed by the plaintiffs seeking relief from the ruling of the lower court sustaining exceptions of prematurity and no cause of action and dismissing the suit.
The plaintiffs are residents of and property owners in an area adjacent to the City of Morgan City which is being considered for annexation under the procedure authorized in LSA-R.S. 33:171 et seq. (Act 31S of 1946).
That act allows annexation of territory to a municipal corporation by the adoption of an ordinance when the ordinance is requested by a petition signed by 25% of the resident property owners representing 25% of the assessed value of the area sought to be annexed.
The percentages must be certified to by the assessor and a public meeting must be held subsequent to the filing of the petition. The ordinance can become effective only after 30 days after it has been published. Any interested citizen of the municipality or territory to be annexed may, within that 30 day period, file suit to question the reasonableness of the ordinance.
On November 4, 1963, the date set for the public hearing, and prior to the passage of any annexation ordinance, petitioners obtained a temporary restraining order prohibiting the city from
“prosecuting or proceeding further in the consideration of the petition to annex territory to the City of Morgan City, * * * and from issuing any *372 other order or decree effecting the annexation of such territory to the City of Morgan City, * * * and from taking or assuming any jurisdiction over the territory * * *
The allegations in the petition for injunction attack the proposed ordinance of annexation as unreasonable. The petition for injunction also attacks the petition for annexation on the grounds that: (1) the certificate of the assessor required by LSA-R.S. 33:172 was executed by the deputy assessor; (2) less than 25% of the resident property owners signed the petition; (3) the persons who did sign represented less than 25% of the assessed value of the property; and that (4) some of the signatories were non-residents of the area sought to be annexed.
The defendants filed three exceptions herein, all of which were sustained by the trial court. The first two exceptions were of prematurity; the first on the ground that the injunction proceeding was an unauthorized use of summary process; and the second alleged that no judicial proceedings could be brought prior to the actual adoption and publication of the ordinance of annexation. The third exception was one of no cause of action based on the dual grounds that an adequate remedy was provided the plaintiff by LSA-R.S. 33:171-179 and that the petition had failed to allege any irreparable injury. For convenience, all of the exceptions will be considered as one as the real complaint and lower court’s ruling is that the instant suit is premature under the clear language of the statute.
It is quite clear, as was decided by the trial judge, that the reasonableness vel non of an ordinance extending the corporate limits of a municipality may be judicially determined only in a judicial proceeding instituted within 30 days prior to the effective date of the ordinance. Suits filed before or after this period will be premature or prescribed, as the case may be. LSA-R.S. 33 :174. The “effective date” is defined in LSA-R.S. 33:173 as 30 days after newspaper publication or, in the absence of a newspaper, 30 days after posting in three public and conspicuous places.
Therefore, any action instituted prior to the passage of the ordinance attacking it on the ground that it is unreasonable would be premature under the clear language of the statute, and insofar as the temporary restraining order was secured on that allegation, it is improper and should not have been granted.
The plaintiffs contend, however, that the temporary restraining order and rule for injunction were necessary and proper in this instance to prevent irreparable injury to the plaintiffs, and that the temporary restraining order was not granted on the allegation that the ordinance was unreasonable. The irreparable injury alleged by plaintiffs is the loss of the opportunity to attack the validity of the ordinance of annexation on grounds that the petition therefor was defective. Plaintiffs contend that once the ordinance is adopted, it can only be attacked as unreasonable, even though it is invalid, having been passed without compliance with the authorizing statute. This fear is grounded on the language of LSA-R.S. 33:174 which reads in part as follows:
“Any interested citizen of the municipality or of the territory proposed to be annexed thereto may * * * file suit in the district court * * * to contest the proposed extension of the corporate limits and the question shall be whether the proposed extension is reasonable.” (emphasis supplied)
The questions for determination here are whether or not the validity of the petition for annexation and the consequent validity of the ordinance of annexation can be attacked in judicial proceedings instituted after the adoption and publication of the ordinance. This court will also consider, regardless of the answer to the first question, whether or not the validity of the petition for annexation can be attacked by an *373 injunction prior to the adoption of any ordinance based thereon.
In considering the first question, our prior jurisprudence is of doubtful utility as this specific problem has not been raised heretofore. There are a number of cases in which there was an attack leveled in a Section 174 proceeding at the validity of the petition for annexation. For example, in Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62, in a suit filed within the 30 day period, the validity of the annexation ordinance was attacked on the ground of an insufficient assessor’s certificate, inaccurate land description, and insufficient number of signatures and amount of assessed value. The court disposed of these contentions on the merits and indicated the ordinance could be valid only after compliance with statutory requirements.
In Cheshire v. City of Minden, La.App., 83 So.2d 526, the Court, on the merits, considered whether or not the land description met statutory requirements in a suit filed by plaintiffs within the 30 day period.
In Hider v. Town of Lake Providence, La.App., 91 So.2d 387, the court considered, on the merits, whether or not two petitions for annexation covering two separate land areas could be acted upon in the same ordinance. Also under attack was the land description.
In each of these cases the court considered the merits of the allegation that the petition and ordinance were invalid for one or more reasons without objection from the municipalities. There is no case in our jurisprudence where an attack on the validity vel non was met with an argument that the attack came too late, having been initiated after the adoption of the ordinance.
In the opinion of this court, a party in a Section 174 proceeding is not precluded from attacking the validity of the ordinance.
The cause of action to attack the validity of the ordinance of annexation on the ground that the same was passed without strict compliance with the requirements of the statute, or that the petition required by the statute was defective for some reason, does not arise under Section 174 but arises under the general law and right of any interested taxpayer to attack the validity (but not the merits and desirability) of any municipal ordinance. There is no reason why the two grounds for attack should not be consolidated in the same suit, and, indeed, this has been the practice in this state as the cases above discussed clearly show.
The statute authorizes an attack only upon the “reasonableness” of the ordinance. This refers to the merits and desirability of the ordinance, and thus authorizes judicial inquiry into an area not otherwise within the scope of judicial review. It allows a court to substitute its judgment for that of the municipal legislative body should the opponents prove the ordinance unreasonable. In addition to granting jurisdiction, the word “reasonable” tends to define and establish the nature and degree of proof required. It does not preclude attacks on the validity of the ordinance itself or the petition requesting it. It is a grant of authority for judicial review and not a denial of a cause of action which may have arisen otherwise.
Nothing in the statute prohibits judicial inquiry into the validity of the petition and ordinance for annexation. The word “valid” as used in LSA-R.S. 33:172 refers to “that which cannot be objected to because it conforms to law, logic, the facts, etc.” (Webster’s New World Dictionary, College Edition, p. 1608)
Conversely, that which is invalid can certainly be attacked in law. The judicial proceeding authorized by LSA-R.S. 33:174 presupposes a valid ordinance, and LSA-R.S. 33:174 declares any annexation ordinance invalid unless adopted in accordance with the provisions of the act. Therefore, a taxpayer may certainly attack, after pas *374 sage, an annexation ordinance not only on the ground that it is unreasonable, but also, on the basis of some alleged failure to comply with the statutory requirements.
The single possible exception to this rule is found in the case of Breland v. City of Bogalusa, La.App., 51 So.2d 342, at 344. In that case the primary issue was the reasonableness of the ordinance. The court also, however, refused to consider the merits of the contention that the ordinance was not an emergency measure, and therefore invalid, having been enacted as such.
That principle is inapplicable in the case at bar because whether or not a matter constitutes an emergency is deemed to be within the discretion of the legislative body and the judicial branch of government should not substitute its judgment.
The determination of whether an action or proposed action is allowed under the law, or whether it is ultra vires is a function of the judicial branch.
We must and do, therefore, answer the first question in the affirmative. Thus, insofar- as the temporary restraining order was secured on this ground, it was improperly issued. The plaintiff would have lost no legal rights by waiting until after the adoption of the ordinance to attack it.
As to the second issue before this court, that is whether or not the validity of the petition for annexation can be attacked by an injunction prior to the adoption of any ordinance based thereon, we are of the opinion that it can be. It would be desirable in the interest of judicial efficiency to prohibit attacks on the petition for annexation prior to adoption of the ordinance for the reason that it is conceivable that the municipality might notice the defects and cure them prior to the adoption of the ordinance. It is also possible that the ordinance would fail to gain the necessary votes for passage and thus there would be no judicial proceeding at all. In addition, as hereinabove set forth and determined, a complaining taxpayer is not precluded by the statute from attacking the validity of the ordinance after its passage, and thus one judicial proceeding would suffice instead of two.
However, it has long been established in our jurisprudence that a writ of injunction is available and will be issued against a legislative body which has taken, or is threatening to take, action which is ultra vires. Connell v. Commission Council of City of Baton Rouge, 153 La. 788, 96 So. 657.
This extraordinary writ is not available to one who would seek to interfere with a legislative body’s exercise of discretion in any area open to legislative action. State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187.
If in fact the petition for annexation filed with the City of Morgan City was defective for any reason, which fact must be shown by the plaintiff on a trial on the merits, then and in that case, an injunction preventing action on that petition by the city council would be proper.
In the exception of no cause of action, the defendants contend that the plaintiffs have another remedy, in that they would have ample opportunity subsequent to the adoption of the ordinance to attack its validity and for that reason, the injunction sought is unobtainable. In disposing of this argument we adopt in part the language of the opinion on rehearing in Connell v. Commission Council of City of Baton Rouge, supra, 153 La. at p. 799, 96 So. at p. 661, as follows:
“A plea of prematurity to the action is not conceivable when the threatened or impending violation, if consumated, would be wholly ultra vires. A denial of relief will not be justified on the ground that the injury, if suffered, or the rights, if violated, may be cured or restored by subsequent action to annul or avoid. This doctrine carried to its *375 extreme effect may be productive of innumerable suits where ultra vires grants may compel the property taxpayer to proceed, not against the liberal grantor, but the innumerable grantees, whom the generous municipality has blindly favored to his prejudice.” And the cases cited thereafter.
The Connell case dealt with a proposed grant of rights to the railroad. The authorizing statute required a taxpayer referendum prior to any such grants and' the threatened action of the council was enjoined when it became evident no such election would be held.
In addition, the following language from Bardwell v. Parish Council of Parish of East Baton Rouge, 216 La. 537, 44 So.2d 107 at 109, 19 A.L.R.2d 514, is applicable:
“In determining whether the plea of prematurity or lack of equity jurisdiction is well taken, two established principles must be considered. They are the general rule that equity will not interfere with a municipal body in the exercise of powers of a legislative character (numerous citations omitted).
* * * * * *
“[A]nd the doctrine that an injunction will not issue to prevent the holding of an election (numerous citations omitted.)
* * * * * ‡
“The above stated rules are not without exception. If the threatened action of a municipal council is in direct violation of a prohibitory law, equity will enjoin, even though no irreparable injury is shown, see Connell v. Commission Council [supra] * * * but this is the only instance that judicial intervention has been permitted in this State. See Durrett Hardware & Furniture Co. v. City of Monroe, supra [199 La. 329, 5 So.2d 911, 140 A.L.R. 433]. And, in cases involving the calling and holding of an election under certain conditions, a court of equity will restrain those ordering the election where the preliminary conditions necessary for the election call have not been fulfilled and the municipal body has either called or is threatening to call the election. See McQuillin on ‘Municipal Corporations’ [3rd Ed.) Vol. V, Section 16.68 and cases cited in support of the text.” (Emphasis added.)
The fact that a taxpayer may enjoin the operation of an ordinance is no reason to deny him the right to enjoin its passage when such passage would be clearly ultra vires. A litigant who has several remedies at his disposal should be allowed to select the one most convenient to him.
Accordingly, there is judgment herein in favor of the plaintiff and against the defendant overruling the trial court’s decision sustaining the exceptions. The case is remanded for trial on the merits not inconsistent with the opinions hereinabove expressed.
Reversed and remanded.