hPEATROSS, Judge.
This proceeding was instituted by plaintiff, Parish of Ouachita, through the Ouachita Parish Police Jury, against defendant, Town of Richwood, Louisiana, seeking to enjoin the Town of Richwood Board of Aldermen from adopting a proposed ordinance annexing three tracts of land. The trial court granted a preliminary injunction, denying the Town of Richwood’s exceptions of prematurity and no cause of action. The Town of Richwood appeals. We affirm.
FACTS
On or before September 11, 1996, the Board of Aldermen of the Town of Richwood (“Board”) received a petition signed by six individuals petitioning the Board for annexation of three lots located in Section 71, Township 18 North, Range 4 East, and Section 70, Township 18 North, Range 4 East, in Ouachita Parish, Louisiana (“the lots”). The lots are located approximately five miles from the current corporate limits of Rich-wood. The Ouachita Parish Assessor issued a certificate certifying that the petitioners represented the owners of property, the value of which is approximately 49.18 percent of the total value of the proposed annexation property.
On September 11, 1996, the Board introduced an ordinance proposing annexation of the lots and on September 12, 1996, the proposed ordinance was published. The Board was scheduled to meet on September 26, 1996, to consider final adoption of the ordinance.
On September 19,1996, the Parish of Oua-chita, through the Ouachita Parish Police Jury (“Parish”) filed a petition for injunctive and declaratory relief, requesting a temporary restraining order and a preliminary injunction enjoining the Board from adopting the ordinance. In the petition, the Parish argued that the proposed annexation ordinance violated several statutory requirements for annexation. Richwood filed exceptions of prematurity and no cause of action.
|2The trial court denied the request for a temporary restraining order. After a hearing on the rule for the injunction and the exceptions on September 25, 1996, the trial court issued a preliminary injunction, without bond, prohibiting the Board from adopting and/or enforcing the proposed annexation ordinance or any ordinance similarly attempting to annex the lots.
*625 Richwood applied for a supervisory writ in the matter and this court recognized the writ application as a motion for appeal. In its appeal, Richwood assigns three assignments of error.
DISCUSSION
In its assignments of error, Richwood asserts that the trial court erred in the following: (1) in denying its exceptions of no cause of action and prematurity; (2) in issuing a preliminary injunction to interfere with the independent functioning of a legislative branch of government; and (3) in requiring borders of annexed land to be contiguous to the annexing municipality. We address the third assignment of error first.

Requirement of Contiguity

The procedure and requirements for annexation by petition and ordinance, the method of annexation undertaken by Rich-wood in this case, are outlined in LSA-R.S. 33:172 (A), (“Section A”), which provides, in pertinent part:
A. (1) No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters. If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.
Richwood contends that Section A (annexation by petition/ordinance) contains no requirement that the area to be annexed be contiguous to the annexing |3municipality. In support of its argument, Richwood argues that Sections C and D of LSA-R.S. 33:172, which provide for annexation by election and election/ordinance, specifically require contiguity.[1] Had the legislature intended to require land annexed by petition/or dinance under Section A to be contiguous, Richwood urges, such a requirement would have been clearly stated in Section A. In the absence of such a statutory requirement of contiguity, Richwood argues, the trial court erred in finding that contiguity is required between the lots and current boundaries of Richwood. Alternatively, Richwood contends that if the boundaries must touch in some way, free ingress or egress of vehicular traffic is sufficient to satisfy the requirement; however, Richwood cites no cases in support of this proposition.
The Parish argues that the only reasonable interpretation of the words “enlarging the boundaries,” as used in Section A, is to interpret “enlarge” as meaning “to extend” or “to expand” and that such meaning implies a “stretching” of boundaries, or an “extension” of the existing limits of the municipality. Such an interpretation of “enlarge” provides Section A with the requirement of contiguity between the area to be annexed and the annexing municipality. The Parish urges that no reasonable interpretation of the statute would allow a municipality to annex | ¿¡three non-contiguous bodies of land, thus creating four separate areas composing a single municipality.
In support of its argument that contiguity is required for annexation under Section A, *626 the Parish notes that some degree of contiguity is required for annexation by election and election/ordinance and that no reasons exist to suppose the Legislature did not intend a similar requirement for annexation by petition/ordinance. The Parish further notes that subsection 5 of Section A requires a contiguous outer boundary of property to be annexed when multiple petitions are used to annex several properties by a single ordinance.[2]
We agree with the Parish that contiguity is required for annexation by petition/ordi-nanee. As discussed above, contiguity is clearly required by statute for annexation under election and election/ordinanee. LSA-R.S. 33:1 requires that the area of initial incorporation constitute a contiguous area.[3] In addition, while Section A does not contain the word “contiguous,” the section does contain the phrase “enlarge the boundaries.” La; C.C. art. 784 provides a definition of “boundary” and states, in pertinent part:
A boundary is the line of separation between contiguous lands, (emphasis added)
|sWe note the following language of the Louisiana Supreme Court, quoting American Jurisprudence, vol. 37 at 644:
The legal, as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants, i.e., a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So, as to territorial extent, the idea of a city if [sic] one of unity, not of plurality; of compactness or contiguity, not separation or segregation, (emphasis added)
Pyle v. City of Shreveport, 215 La. 257, 40 So.2d 235 (1949), on rehearing.
La. C.C. art. 11 provides, in pertinent part, that “The words of a law must be given their generally prevailing meaning.” To do so in this case requires the finding that contiguity between the area to be annexed and the annexing municipality is required for annexation by petition/ordinance. The trial judge did not err in so finding.

Exceptions of No Cause of Action and Prematurity

Richwood argues that the trial court erred in denying its exceptions of no cause of action and prematurity to a legal challenge to a proposed ordinance.
In support of its argument, Richwood contends that LSA-R.S. 33:174 provides the exclusive means to challenge an ordinance.[4] *627 Richwood bases its | ¡¡exceptions of prematurity and no cause of action on the language of the statute which provides that, after adoption, a thirty-day “waiting period” exists before the ordinance becomes effective, during which time any interested citizen may file suit contesting the proposed extension. Richwood argues that, because this statutory provision exists for a challenge to an annexation ordinance after its adoption, no cause of action exists for a challenge to a proposed ordinance before its adoption and, therefore, the Parish’s action is premature.
Arguing that a cause of action exists to challenge a proposed ordinance before its adoption, the Parish agrees that the limitations of LSA-R.S. 33:174 apply to suits attacking the reasonableness of an ordinance. The Parish argues, however, that its challenge is based not on the “unreasonableness” of Richwood’s action, but on the grounds that Richwood’s action is ultra vires. Richwood has only the powers of annexation granted by statute and Section A of LSA-R.S. 33:172, relied on by Richwood, grants a municipality the authority to annex only contiguous lands. Richwood’s action in proposing to annex non-contiguous lands is, therefore, ultra vires. The Parish urges that, since its challenge to the proposed ordinance is based not on the “unreasonableness” of the ordinance, but on the ultra Uvires action taken by the municipality, the trial judge correctly denied Rich-wood’s exceptions of prematurity and no cause of action.
We find merit in the Parish’s argument. The First Circuit stated in Grice v. Mayor and Council of Morgan City:
The cause of action to attack the validity of the ordinance of annexation on the ground that the same was passed without strict compliance with the requirements of the statute ... does not arise under Section 174 but arises under the general law and right of any interested taxpayer to attack the validity (but not the merits and desirability) of any municipal ordinance.
it» *1» 'll
The statute authorizes an attack only upon the ‘reasonableness’ of the ordinance. .... It does not preclude attacks on the validity of the ordinance itself.... It is a grant of authority for judicial review and not a denial of a cause of action which may have arisen otherwise.
* # # * *
Conversely, that which is invalid can certainly be attacked in law. The judicial proceeding authorized by LSA-R.S. 33:174 presupposes a valid ordinance, and LSA-R.S. 33:174 declares any annexation ordinance invalid unless adopted in accordance with the provisions of the act.
Grice v. Mayor and Council of Morgan City, 164 So.2d 370, 373 (La.App. 1st Cir.1964).
We acknowledge that the opinion of the First Circuit in Grice was rendered prior to the 1993 amendment of LSA-R.S. 33:174 by Act 995 of the Louisiana Legislature. The amended version of the statute provides for attacks based not only on “unreasonableness,” but also on lack of compliance with statutory requirements for the petition and certification and on a municipality’s lack of compliance with its own requirements for the adoption of an ordinance. Unlike the version applied by the First Circuit in Grice, the current version of LSA-R.S. 33:174 would control attacks on attempted annexation based on the noncompliance of the petition or certificate.
We believe that a cause of action for challenging whether the affected areas are contiguous, as presented in the context of ultra *628 vires action by a municipality, | «continúes to arise under general law. A cause of action exists, therefore, for the Parish’s challenge to the proposed ordinance and, because the issue does not arise under LSA-R.S. 33:174, the action is not premature. The trial judge did not err in denying Richwood’s exceptions. Issuance of Preliminary Injunction
Richwood assigned as error that the trial court abused its discretion by issuing a preliminary injunction “to interfere with the independent functioning of a legislative branch of government.” Richwood argues that the legality of the ordinance cannot be challenged until it is adopted.
It has long been established that an injunction is available and will be issued against a legislative body which has taken, or is threatening to take, action which is ultra vires. Connell v. Commission Council of City of Baton Rouge, 153 La. 788, 96 So. 657, (1923), on rehearing; Grice, supra.
As stated above, in the instant ease the challenge is to the ultra vires action of Rich-wood in proposing the annexation of lands which are not contiguous. LSA-R.S. 33:174, therefore, does not control and the trial judge did not err in issuing a preliminary injunction enjoining the Board from adopting the ordinance.
CONCLUSION
The judgment of the trial court granting the preliminary injunction and denying the exceptions of no cause of action and prematurity is affirmed. Costs are assessed against the defendant.
APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, STEWART, GASKINS and PEATROSS, JJ.
Rehearing denied.
AFFIRMED.

. LSA-R.S. 33:172 (C) and (D) provide, in part:
C. Notwithstanding the provisions of Subsection A of this Section, any municipality may annex contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and provided further that a majority of the registered voters residing in the area proposed for annexation, and voting in an elec-hon held according to the provisions of R.S. 33:154 through 161 vote in favor of such annexation .... (emphasis added)
D. Notwithstanding the provisions of Subsection (A) of this section, any municipality may annex contiguous areas without the petitions required by said Subsection (A), by ordinance, provided prior to the adoption of any such ordinance, the question of the annexation shall be submitted to the qualified voters residing within the area pr0posed to be annexed in a special election called for that purpose by the municipal- ^ (emphasis added)

. LSA-R.S. 33:172 (A)(5) provides:
(5) The petition required by this Subsection shall be in writing, but no special form shall be necessary; however, the petition shall provide a description of the general area to be annexed which shall be attached thereto. Multiple petitions may be used to annex different properties so long as the petitions, when considered together, are capable of covering an area which has a contiguous outer boundary in which the above majority and percentage requirements for annexation are met. (emphasis added)

. LSA-R.S. 33.T provides for initial incorporation and states, in pertinent part,:
A. Residents of any unincorporated area with a population in excess of three hundred inhabitants may propose the incorporation of the area as provided in this Subpart. A petition proposing the incorporation of the area shall be prepared and shall contain the following:
(1) A legal description of the area proposed for incorporation and the statement that all lands included in the area constitute a contiguous area .... (emphasis added)

. LSA-R.S. 33:174 states, in pertinent part:
174. Suit to contest reasonableness of proposed extension of corporate limits
A. Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits. “Interested”, as used in this Section, means a real and actual personal stake in the outcome of the contest of the extension of the corporate limits.
B. The sole questions to be presented to the court in a contest of a proposed extension of the corporate limits shall be as follows:
(1) Whether the proposed extension is reasonable.
(2) Whether, prior to the adoption of an ordinance enlarging the boundaries of a municipality, a petition was presented to the governing body of a municipality, and prior to the adoption of said ordinance, certificates were obtained from the parish assessor and parish registrar of voters showing that the said petition contained the written assent of a majority of the registered voters and a majority in number of the resident *627 property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits.
(3) Whether the municipality complied with its own requirements for the adoption of ordinance in adopting the annexation ordinance.
C. If the extension of boundaries is adjudged reasonable, the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed extension is adjudged invalid, the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. A similar right of appeal from the judgment of the district court annulling the ordinance shall be granted the municipality or any interested citizen . as hereinabove provided.
* sfc * * * *