Dear Mayor Butterfield:
You advise this office that the town of Pollock is interested in annexing a certain subdivision near the Town of Pollock which is not contiguous to the Town.
This office has previously concluded that the land sought to be annexed to a municipality must be contiguous, but it is sufficient "if enough of the new territory abuts the town so as to allow free ingress and egress". See Attorney General Opinions 79-701, 85-950, 88-97.
In Attorney General Opinion 00-77, this office was asked whether a town may annex property which is not contiguous to municipal limits. The author of that opinion responded:
 "While we do not find any jurisprudence that directly answers the question whether property owned by a public body can be annexed into the town regardless of its contiguity with the Town, the reasoning in Parish of Ouachita v. Town of Richwood, 697 So.2d 623 (La.App 2nd Cir. 1997) is applicable the court agreed with the Parish that contiguity is required for annexation by petition/ordinance. The Parish argued the only reasonable interpretation of the words `enlarging the boundaries' as used in R.S. 33:172(A) is `to extend' or `to expand' the existing boundaries . ."
The author of Opinion 00-77 further concluded:
 "We note under R.S. 33:180 . that `the governing body of any municipality * * * may by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision or public body, but only upon the petition of the governing body Finding the same language as interpreted by the Court in the Parish of Ouachita case, supra, it must be concluded the land to be annexed must be contiguous to `enlarge the boundaries'."
The law remains unchanged[1]. Thus, we conclude that the boundaries of the land to be annexed must touch the municipal limits of the Town of Pollock in order for the proposed annexation to be proper.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 33:180 provides:
 § 180. Ordinance to annex territory owned by a public body
 A. The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, but only upon petition of the governing body of the agency, political subdivision, or public body owning the land which is to be so included. Except as otherwise provided by this Section, the governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing, or other procedures set forth in this Subpart.
 B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
 C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
 (1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
 (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.