930 So.2d 65 (2006)
CALDWELL PARISH POLICE JURY, Plaintiff-Appellee,
v.
TOWN OF COLUMBIA, et al., Defendants-Appellants.
No. 40,865-CA.
Court of Appeal of Louisiana, Second Circuit.
March 15, 2006.
Opinion Granting Rehearing May 17, 2006.
*66 Mixon & Carroll by James E. Mixon, Columbia, for Appellant Town of Columbia.
Iley H. Evans, Columbia, for Appellee Caldwell Parish Police Jury.
Before STEWART, GASKINS and CARAWAY, JJ.
STEWART, J.
Appellant, the Town of Columbia, appeals the trial court's judgment denying its exceptions of no right of action and prescription and nullifying an annexation ordinance adopted by its Board of Aldermen. For the following reasons, the judgment of the trial court is hereby affirmed.

FACTS
On or about February 27, 2003, the Town of Columbia ("Columbia") received a petition for annexation from Vernel and Alice R. Riser proposing the annexation of certain property owned by them into the town's corporate limits. The property which the Risers proposed be annexed was south of the town and not contiguous to its existing boundaries. Accordingly, the Risers' petition proposed that U.S. Highway 165 and La. Highway 849 be used as a corridor to accomplish the annexation.
By correspondence from Columbia's counsel dated February 27, 2003, the Louisiana Department of Transportation and Development ("DOTD") was advised of the proposed annexation and Columbia's intent to use U.S. Highway 165 and La. Highway 849 as a corridor to connect the property being annexed to the existing town. By letter dated March 17, 2003, DOTD informed counsel for Columbia that it had no objection to the proposed annexation.
An ordinance providing for the annexation was introduced and seconded at the June 19, 2003, regular session of Columbia's town council and a public hearing thereon was scheduled for July 8, 2003. The minutes of the council meeting were then published in the Caldwell Watchman, a weekly newspaper published in Caldwell Parish, on July 9, 2003. The hearing on the proposed ordinance was subsequently *67 deferred to the council's regular meeting scheduled for August 12, 2003, and a notice of same was published in the local paper on July 30, 2003. The ordinance was subsequently adopted by the council on September 23, 2003. The ordinance adopted and published in the local paper on October 1, 2003 reads verbatim:
BE IT ORDAINED by the council of the Town of Columbia, that the Town of Columbia introduces to annex property beginning at the point where the West right-of-way of U.S. Highway 165 intersects the most southern boundary of the Town of Columbia, thence in Southwesterly direction along the West right-of-way Of U.S. Highway 165 to a point opposite its intersection with the South right-of-way Line of Louisiana Highway No. 849; thence Southeasterly along the South right-of-way line Louisiana Highway 849 to the intersection of the South right-Of-way Line of Louisiana Highway 849 and the East line of the NW/4 of SW/4 of Section 29, T13N, R4E; thence North along the East line of the NW/4 of SW/4 of Section 29, T13N, R4E to a point 60.7 feet South of the NE/corner of NW/4 of SW/4 of Section 29; thence North along the East line of the NW/4 of SW/4 of Section 29; thence East along the SE/4 of NW/4 a distance of 31.55 feet; thence North 213.11 feet; Thence East 382.31 feet to the North right-of-way of Louisiana Highway 849; Thence along the North right-of-way of Louisiana Highway 849; Thence along the North right-of-way of Louisiana Highway 849 in a Northwesterly Direction to the intersection of the North right-of-way line of Louisiana Highway No. 849 with the East right-of-way line of U.S. Highway No. 165; thence Northeasterly along the East right-of-way line of U.S. Highway No. 165 to its intersection with the southern boundary of the Town of Columbia; thence along the southern boundary of the Town of Columbia in a westerly direction to the Point of Beginning property.
On December 23, 2003, the Caldwell Parish Police Jury ("CPPJ") filed a petition naming as defendants the Town of Columbia, Jim Sherman (Columbia's mayor), and the following members of Columbia's Board of Aldermen: Ken Brockner, Bruce Frazier, Melvin Robinson, Charlie Simons and Darron McGuffee. In the petition, CPPJ objected to the annexation ordinance on the basis that Columbia adopted it without complying with the requirements of La. R.S. 33:180. As a result, the petition requested that the ordinance be declared null and void. On January 8, 2004, the CPPJ filed an amended petition to add the following allegations in support of their request to annul the ordinance: (1) Neither the U.S. Department of Justice nor DOTD petitioned Columbia for or consented to annexation of U.S. Highway 165 and La. State Highway 489; and, (2) La. R.S. 33:180 does not allow for the annexation of a public right-of-way to serve as a corridor connecting the municipality to privately owned non-contiguous property which the municipality seeks to annex.
The defendants filed an answer along with exceptions of no cause of action, no right of action and prescription. They alleged that the CPPJ had no cause of action against the mayor and the members of the board of aldermen as individuals, that the CPPJ had no right of action to contest the ordinance, and that the time within which a contest to the ordinance must be filed had already passed at the time the CPPJ's original petition was filed.
The merits and the exceptions came for hearing on July 13, 2005. At the hearing, the parties stipulated that the exception of no cause of action as to the mayor and the *68 members of the board of aldermen should be granted. After hearing arguments on the remaining issues, the trial court took the matter under advisement. On July 21, 2005, the trial court issued written reasons for judgment finding that the CPPJ did have a right of action to object to the ordinance and that because the objection raised by the CPPJ is to the absolute nullity of the ordinance, the action is not subject to liberative prescription. Accordingly, the remaining exceptions of no right of action and prescription were denied.
The trial court's reasons also reflect its ruling that La. R.S. 33:180 is a special annexation statute which can only be used for the annexation of public lands and thus, the annexation of the corridor to accommodate the annexation of private lands was ultra vires. The trial court also found that the ultimate ordinance adopted by Columbia annexed property different from that described in the original petition filed by the Risers. Accordingly, the trial court found that Columbia failed to comply with the statutory requirements for annexation and, therefore, the annexation ordinance was void. A judgment declaring the ordinance null and void ab initio was signed on August 16, 2005. The instant appeal followed.

DISCUSSION
Columbia assigns error to the trial court's denial of its exceptions of prescription and no right of action, to its finding that La. R.S. 33:180 does not provide for the annexation of public rights of way to serve as corridors for the annexation of non-contiguous private property, and to its finding that the annexation ordinance was null ab initio. We will begin by addressing the merits of the exceptions, since their disposition governs the necessity to address the merits of the action itself.

Prescription
Columbia alleges that under La. R.S. 33:174, an action to contest an annexation ordinance must be brought within the 30-day period before the ordinance becomes effective and failure forever bars any such action. The statute provides in pertinent part:
A. Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits. "Interested", as used in this Section, means a real and actual personal stake in the outcome of the contest of the extension of the corporate limits.
B. The sole questions to be presented to the court in a contest of a proposed extension of the corporate limits shall be as follows:
(1) Whether the proposed extension is reasonable.
(2) Whether, prior to the adoption of an ordinance enlarging the boundaries of a municipality, a petition was presented to the governing body of a municipality, and prior to the adoption of said ordinance, certificates were obtained from the parish assessor and parish registrar of voters showing that the said petition contained the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits.
(3) Whether the municipality complied with its own requirements for the adoption of ordinance in adopting the annexation ordinance.
*69 The provisions of La. R.S. 33:174 have been found inapplicable to cases arising under La. R.S. 33:180. Parish of Jefferson v. City of Kenner, 96-73 (La.App. 5th Cir.5/15/96), 675 So.2d 1177, writ denied, 96-1563 (La.9/27/96), 679 So.2d 1346. Whereas La. R.S. 33:174 governs the annexation of privately owned property by a municipality, La. R.S. 33:180 governs the annexation of territory owned by a public body. The latter is a separate and special annexation provision for which no special time limitation for bringing an action to contest has been statutorily provided. Prescriptive periods may not be extended by analogy, since there is no prescription other than that established by legislation. La. C.C. art. 3457; Graham v. Strother, 28,892 (La.App. 2d Cir.12/11/96), 684 So.2d 1088, writ denied, 97-0118 (La.3/7/97), 690 So.2d 20.
Also, this court's holding in Parish of Ouachita, Ouachita Parish Police Jury v. Town of Richwood, 29,617 (La.App. 2d Cir.6/18/97), 697 So.2d 623, writ denied, 97-1912 (La.11/7/97), 703 So.2d 1267, reconsideration denied, 97-1912 (La.1/16/98), 707 So.2d 48, suggests that the 30-day prescriptive period is inapplicable to the case at bar even to the extent that the ordinance purports to annex private property. In Parish of Ouachita, supra, this court held that an action challenging as ultra vires the action of a municipality arises under general law and does not arise under La. R.S. 33:174. An action arising under La. R.S. 33:174 is limited to attacks on an annexation ordinance on the basis of "unreasonableness" and failure to comply with the statutory requirements of "petition and certification," and, therefore, the time limitations imposed therein are not applicable to an action which attacks the ordinance on other grounds, such as being ultra vires.
Accordingly, to the extent that the annexation was undertaken under the provisions of La. R.S. 33:180, and to the extent that the CPPJ has alleged the invalidity of the ordinance as being ultra vires, we find the time limitations provided for in La. R.S. 33:174 to be inapplicable to the case at bar.

No Right of Action
An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927 A(5). The burden of proof of establishing the exception of no right of action is on the exceptor. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. Its function is to determine whether the plaintiff belongs to the particular class of persons to whom the law grants a remedy for the particular grievance, or whether plaintiff has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885.
Columbia contends that the trial court erred in denying its exception of no right of action because La. R.S. 33:174 limits the right to contest the validity of an annexation ordinance to an interested citizen, which by definition the CPPJ cannot be. As noted above, the cause of action asserted herein does not arise under the provisions of La. R.S. 33:174 and therefore is not subject to the limitations provided for therein. The trial court in the present case found that the CPPJ had an actual interest in the action because the annexation impacts the parish's tax base. Columbia has urged no argument opposing this finding, and the record is devoid of any evidence which contradicts it. Accordingly, *70 we find no error in the trial court's denial of Columbia's exception of no right of action.

Nullity of Ordinance
Columbia argues that the trial court erred in concluding that the annexation of non-contiguous land by a municipality contemplated under La. R.S. 33:180(C) is limited to public property. La. R.S. 33:180 provides:
A. The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, but only upon petition of the governing body of the agency, political subdivision, or public body owning the land which is to be so included. Except as otherwise provided by this Section, the governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing, or other procedures set forth in this Subpart.
B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
(1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
(2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
Prior to the addition of sub-paragraph C by Acts 1997, No. 1304, § 1, the annexation of non-contiguous private land was not permissible under the existing annexation statutes. Parish of Ouachita, supra. In Parish of Ouachita, supra, this court held that the generally prevailing meaning of the language of La. R.S. 33:172(A) providing for the municipal annexation of private property by petition/ordinance required contiguity of the territory to be annexed with the existing territory of the municipality. However, since this court's decision in Parish of Ouachita, supra, the provisions of La. R.S. 33:172 have been substantively amended in a manner suggesting the Legislature's intent to allow the annexation of non-contiguous private property. La. R.S. 33:172(A)(1)(d)(iv), which addresses the burden of proof in a suit by a parish to contest the reasonableness of a proposed annexation of vacant land, provides that the burden of establishing unreasonableness is on the parish when the property proposed to be annexed is contiguous to the existing corporate limits, but the burden falls on the municipality to establish the reasonableness of the annexation when the property is not contiguous to the existing corporate limits.
In light of the changes in La. R.S. 33:172 and La. R.S. 33:180(C), it is not logical to conclude that contiguity is necessary for annexation by petition/ordinance as was held in Parish of Ouachita, supra. *71 It is also not logical to conclude that La. R.S. 33:180(C) providing for the annexation of a portion of the right of way of a public road to serve as a corridor to connect the municipality to other non-contiguous property which is to be annexed is only available in those cases where the non-contiguous property to be annexed is public in nature. No such limiting language appears in the statute, and no policy considerations or rules of statutory construction seem to require such a restrictive interpretation. Our duty in interpreting a statute is "to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter." Hollingsworth v. City of Minden, 2001-2658 (La.6/21/02), 828 So.2d 514, 517. Considering that La. R.S. 33:172 contemplates annexation of private property that is not contiguous to the municipality's corporate limits, La. R.S. 33:180(C) can be used for achieving such an annexation by annexing a portion of a right-of-way of a public road as a corridor connecting the property to the town. In such cases, the municipal authority would have to follow the applicable procedures for annexation of the private property as well as the procedures set forth in La. R.S. 33:180(C) to annex a corridor connecting the non-contiguous property to the municipality to complete the annexation. This interpretation reconciles and harmonizes the statutes pertaining to annexation of public and private property and renders no provision superfluous or meaningless.
It appears from this record that Columbia followed the appropriate procedures for annexation of the Risers' property. That, however, is not the end of our inquiry. The ordinance in question annexes all of the land described therein into the town. A fair reading of that description leads us to conclude that the annexation included the paved portion of U.S. Highway 165 and La. Highway 489. La. R.S. 33:180(B) requires that the annexation of the paved portion of a public road include all property adjacent to at least one side of the road being annexed. However, La. R.S. 33:180(C), which Columbia utilized to annex a corridor connecting the Riser property to the Town, allows only the annexation of "a portion of the right-of-way of a public road" when it is to be used as a corridor to non-contiguous land to be annexed by the municipality.
Municipalities are creatures of the Legislature and possess those powers granted to them by the state. La. Const. art. VI § 2; Kel-Kan Inv. Corp. v. Village of Greenwood, 428 So.2d 401 (La.1983); and, Bradford v. City of Shreveport, 305 So.2d 487 (La.1974). Conversely, they do not have those powers which the Legislature has not granted them, i.e., the power to annex the paved portion of a public road when the property adjacent to at least one side of the road is not being annexed with it or the power to annex more than a portion of a right-of-way of a public road when it is used as a corridor to connect non-contiguous property to the municipality. The Town could not annex the Riser property without also annexing a corridor for connection. Because Ordinance 2003-1 of the Town of Columbia purports to annex more than is allowed under La. R.S. 33:180(C), it is an ultra vires act. As such, it is null and void.

CONCLUSION
For the foregoing reasons, the judgment of the trial court denying the Town's exceptions of no right of action and prescription and declaring Ordinance 2003-1 null is hereby affirmed.
AFFIRMED.
CARAWAY, J., dissents with written reasons.
*72 CARAWAY, J., dissenting.
I respectfully dissent from the majority's ruling.
The statutory constructions, or lack thereof, given in answer to both the exception of no right of action and the merits of this case do not convince me that the trial court's judgment may be affirmed. The majority correctly concedes that Sections 172 and 180(C) of the annexation law of Title 33 may be followed by the Town of Columbia ("Town") to annex non-contiguous private property using a portion of a public road as a corridor. Applying both of these sections for the resolution of these issues, the trial court's ruling should be reversed for the Police Jury's lack of standing and on the merits.
The majority dismisses the standing issue on the rationale that the cause of action does not arise under Section 174, yet later holds that an annexation of private property is occurring in this case under Section 172. Section 174 provides a cause of action to any "interested citizen" contesting improper annexation of private property under Section 172. "Interested" is further defined to mean "a real and actual personal stake in the outcome of the contest of the extension of the corporate limits." La. R.S. 33:174(A). To broadly construe "interested citizen" to include a police jury is made difficult by the implications of Section 172(A)(1)(d). That statute gives a police jury standing to contest municipal annexations only in cases where no registered voters and no resident property owners are affected by the proposed annexation. The implication is that the registered voters/resident property owners safeguard the process by their involvement in the annexation, not the police jury. Also, the public party at interest regarding the road corridor involved in this annexation is the State Department of Transportation and Development (DOTD), whose rights are fully addressed and protected under Section 180(C)(2). Thus, with Sections 172 and 180(C) governing this annexation, the statutes indicate that upon the approval of the annexation by the registered voter/resident property owners, here the Risers, and public road owner, the DOTD, the annexation may occur, and the police jury has no standing to contest it.
Nevertheless, if the merits of this annexation are reached, the majority offers little explanation why Section 180(C) does not stand as clear authority for the Town's actions. A map of the municipal growth configuration envisioned in the legislative purpose for Section 180(C) would look like the Town's annexation of the Riser tract using these highways as a corridor. Annexation provides benefits and services to people and their private property, and existing roads included therein are somewhat secondary. Indeed, as the majority recognizes, contiguity is no longer a requirement for annexation of private property for tracts like the Risers', with or without the inclusion of a road corridor. See, La. R.S. 33:172(A)(1)(d)(iv). Nevertheless, the majority vaguely suggests that a fatal mistake occurred in this case when the Town annexed the "paved" portion of the highways. Attaching great significance to this legislatively loose adjective of Section 180(B), which is not the basis of the Town's action, the majority would apparently make the application of the "corridor" concept of Section 180(C) dependent upon the type of road surface employed for the highway (concrete vs. asphalt or gravel) or the portion of right-of-way (roadway vs. ditch or shoulder) described as the corridor in the annexation ordinance. A proper statutory interpretation giving deference to the clear purpose of the law must avoid such overemphasis on a trivial adjective which would lead to the "absurd consequences" warned against in *73 our law for the interpretation of statutes. La. C.C. art. 9, et seq.
Reaching for Section 180(B) to create conflict in the employment of Section 180(C) is unjustified because that section does not directly address the corridor concept. Section 180(B) was in our annexation law before Act 1304 of 1997 which added Section 180(C). Read literally, without overemphasis of the word "paved," the statute would prevent a municipality from annexing only a portion of a road extending out from a town or city. That prohibition remains. The exception to that prohibition as expressed in the language of Section 180(B) allows a portion of the road to be annexed if all property adjacent to at least one side of the road is included in the annexation. This would mean that the road and the annexed private land on one side of the road would form an area for annexation that would remain contiguous to the existing boundary of the municipality.
By implication only, Section 180(B) also prohibited the situation which is now expressly addressed in Section 180(C). Before the enactment of Section 180(C), a fair reading of Section 180(B) would prohibit the annexation of a road which was contiguous to the town as it left the corporate limits and ran to a tract of private property proposed for annexation and otherwise non-contiguous to the town. Thus, prior to the 1997 legislation, Section 180(B) would prohibit the annexation of such road and private property in an effort to defeat the contiguity requirement found by this court in Parish of Ouachita v. Town of Richwood, 29,617 (La.App. 2d Cir.6/18/97), 697 So.2d 623, writ denied, 97-1912 (La.11/7/97), 703 So.2d 1267.
Under the majority's apparent interpretation of Section 180(B) and the phrase "paved portion," a non-paved gravel road running contiguously out of the town to a private tract could, even in the absence of the 1997 legislation, be utilized to defeat the Parish of Ouachita ruling. Likewise, the annexation of the ditch portion of the private road running to a private tract could occur under this strained view of Section 180(B) and not violate the contiguity requirement found in our prior ruling, because the ditch and private tract would be technically contiguous to the corporate boundary. Thus, since most private tracts, otherwise non-contiguous to the corporate limits of nearby towns, are connected to town by public roads, the majority's view of Section 180(B) means that Parish of Ouachita got it wrong. So long as there is annexation of roadside ditches (but not paved surfaces) leading to otherwise non-contiguous tracts of private land, the annexation of those ditches and such private tracts has, according to the majority, always been possible. Indeed, the only objection the majority now has with the Town's annexation is that it attempted to annex the pavement and the ditches of these two highways when only the ditches were subject to annexation.
In conclusion, the majority has reached for an adjective (paved) in an inapplicable provision of law and failed to consider a noun (corridor) of great weight in the very section of law which it finds controlling. Yet, in 1997, the legislature made a policy decision to allow annexation of tracts that may be non-contiguous to the existing municipal corporate limits, using a public road as a corridor for the incorporation of such private property. The Civil Code provides that the judiciary's place is not to grade such a policy shift in the legislation with a technical, linguistic overemphasis so as to thwart the clear "purpose of the law" and produce "absurd consequences."

ON REHEARING
Before STEWART, GASKINS, CARAWAY, PEATROSS, and MOORE, JJ.
*74 We granted rehearing to reconsider our interpretation of La. R.S. 33:180 in the context of the Town of Columbia's annexation of the noncontiguous Riser property by utilizing right-of-ways along U.S. Highway 165 and La. Highway 849 as a corridor connecting the property to the town. For the following reasons, we now find the annexation to have been proper and reverse the trial court's judgment of nullity.
Our prior ruling concluded that La. R.S. 33:180(C) allows for the annexation of noncontiguous property, whether private or public, by annexing a portion of a right-of-way of a public road as a corridor connecting the property and the town. We also concluded that the Town of Columbia followed the appropriate procedures for annexation of the Riser property. However, we further concluded that the Town of Columbia exceeded the authority of La. R.S. 33:180(C) by annexing the paved portion of public roads in violation of La. R.S. 33:180(B). It is this latter conclusion that we now find to have been in error.
Both subparts (B) and (C) of La. R.S. 33:180 were added by Acts 1997, No. 1304, § 1. The two parts of the statute provide:
B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
(1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at lease thirty days prior to the introduction of the ordinance proposing such annexation.
(2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
La. R.S. 33:180(B) and (C).
Review of the legislative history, particularly the minutes of the House Committee on Municipal, Parochial, and Cultural Affairs of April 18, 1997, reveals that the amendments to La. R.S. 33:180 arose from House Bill No. 666 introduced by Representative Tommy Wright to prevent municipalities from annexing roads to extend the city limits for speed-traps. The legislative history establishes that the bill was not intended to prevent annexation of property for legitimate purposes, such as annexation of commercial areas to bolster the tax revenue taken in by municipalities. Although House Bill No. 666 initially proposed enactment of La. R.S. 33:181, the final version consisted of the above amendments to La. R.S. 33:180. This history further supports our prior ruling that the Town of Columbia could annex the noncontiguous Riser property by utilizing La. R.S. 33:180(C).
It is clear from the legislative history that subparts B and C pertain to different situations. Subpart B serves the intention of Representative Wright's bill by preventing municipalities from annexing the paved portions of public roads for creating speed-traps. To annex the paved portion of a roadway, a municipality must also annex all the property adjacent to at least one side of the roadway. This requirement burdens municipalities with the responsibility of complying the with the requirements for annexation, such as in La. R.S. 33:172, and of providing services to the *75 annexed areas, thereby deterring annexations for creating speed-traps.
Subpart C addresses the concern that municipalities be able to extend their limits to encompass commercial areas that may not be contiguous to the city limits. A municipality is allowed to annex a "portion of the right-of-way of a public road as a corridor" to connect the municipality to noncontiguous property. Municipalities are relieved of the burden of also annexing the property adjacent to one side of the road as in subpart B.
Upon our review of these provisions and the record of this matter, we find that we erred in concluding that the annexation of the corridor by the Town of Columbia exceeded what is allowed under La. R.S. 33:180(C) by annexing the paved portion of the public roads without annexing property adjacent to at least one side. Rather, the Town of Columbia annexed a corridor by utilizing U.S. Highway 165 and La. Highway 849 to connect the town to the Riser property. We find that a "portion of a right-of-way of a public road" refers to that measure of the roadway serving as the corridor from the limits of the municipality to the property being annexed, rather than to some nebulous section along the right-of-way as suggested by our prior opinion.
This interpretation of La. R.S. 33:180(B) and (C) gives effect to both parts and renders neither superfluous or meaningless in light of the entire statute or laws governing annexations. See Hollingsworth v. City of Minden, 2001-2658 (La.6/21/02), 828 So.2d 514. We adopt all parts of our prior opinion, other than that part which concluded that the Town of Columbia annexed more than allowed under La. R.S. 33:180(C) and declared Ordinance 2003-1 to be an ultra vires act and null. For the reasons expressed, we now hold that the annexation met the requirements of La. R.S. 33:180. The judgment of the trial court declaring null Ordinance 2003-1 of the Town of Columbia is hereby reversed.
REVERSED.