675 So.2d 1177 (1996)
PARISH OF JEFFERSON
v.
CITY OF KENNER.
No. 96-CA-73.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1996.
*1178 Peter J. Butler, Peter J. Butler, Jr., Richard G. Passler, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, for Appellant Parish of Jefferson.
Salvador Anzelmo, Thomas P. Anzelmo, A. Mark Flake, Bruce E. Naccari, New Orleans, Glenn B. Ansardi, Kurt C. Garcia, Kenner, for Appellee City of Kenner.
Before CANNELLA and DALEY, JJ., and CUSIMANO, J. Pro Tem.
CANNELLA, Judge.
Plaintiff, the Parish of Jefferson (Parish), appeals from a judgment granting a peremptory Exception Of No Right Of Action filed by defendant, the City of Kenner (Kenner), in a matter involving the annexation of property. We reverse and remand for further proceedings.
The Treasure Chest Riverboat Casino (Casino) is located in the vicinity of the boat launch near Williams Boulevard and Lake Pontchartrain in Kenner, Louisiana in the Parish of Jefferson. On September 12, 1994, the Parish notified the Casino that the Jefferson Parish Council had passed an ordinance assessing a $2.50 per person boarding fee, pursuant to the authority granted parish governing authorities in La.R.S. 4:552. The Parish contends that the Casino is within the unincorporated part of Jefferson, making the Parish the governing authority under the statute. Kenner disagreed, contending that it is the governing authority entitled to assess the boarding fee.
On October 20, 1994, the State of Louisiana (State) filed a request for Kenner to annex the 40.44 acres surrounding the Casino location that was owned by the State and leased by Kenner from the State since 1981. Pursuant to La.R.S. 33:180 and the State's request, on November 3, 1994, Kenner passed an ordinance to annex the property. In addition, Kenner and the Casino filed for a declaratory judgment and injunction in Baton Rouge, Louisiana asking the district court to determine whether the Parish or Kenner has the right to assess the boarding fee.[1] On November 18, 1994, the Parish filed *1179 a Petition To Contest Annexation in the 24th Judicial District Court for the Parish of Jefferson. The Parish contended that the annexation is void ab initio because the prerequisites for annexation under La.R.S. 33:180 were not met. Kenner filed declinatory, dilatory and peremptory exceptions. The trial judge granted the exception of no cause of action on February 6, 1995. The judgment was appealed to this court. On October 31, 1995, we reversed the judgment, finding that the Parish had pled a cause of action. After remand, the Parish amended its petition and Kenner filed a peremptory exception of no right of action. On January 4, 1996, the trial judge granted the exception of No Right Of Action, finding that the Parish was not "an interested citizen" within the meaning of R.S. 33:174.
On appeal, the Parish asserts that the trial judge erred in granting the exception of No Right Of Action. First, the Parish argues that the trial judge analyzed the wrong statute to determine that it had no right of action. Second, it argues that it meets the requirements to assert the action because the annexation has a direct and adverse impact on the Parish.
Under La.C.C.P. art. 681, an action can only be brought by a person having a real and actual interest which he asserts. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action, or, whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La.C.C.P. art. 927(5); Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La. 11/30/94), 646 So.2d 885, 888; Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843, 848. In determining whether a plaintiff has a right of action, the court looks at whether plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance, or whether plaintiff has an interest in judicially enforcing the right asserted. Paddlewheels v. Louisiana Riverboat Gaming Com'n, 646 So.2d at 888; Dufour v. Westlawn Cemeteries, Inc., 639 So.2d at 848.
In this case, the Parish asserts that it will be deprived of fees that it is entitled to assess under R.S. 4:552 if the annexation is illegal and is allowed to stand. Whether the Parish is entitled to the fees is presently before the Baton Rouge District Court. However, an illegal annexation would possibly deprive the Parish of those fees and/or other possible future revenue. Thus, we find that the Parish has a real and actual interest in the action and consequently has asserted a right of action, under the general rules for this determination. The question is then, whether the law denies the Parish the right of action by statute.
Territorial changes in parishes and municipalities are governed by Title 33 of the Revised Statutes, Chapter 1, Municipalities and Parishes, Part V, Sub-part C. R.S. 33:172 et seq. controls the annexation of municipalities by "Means of Petition and Ordinance." However, R.S. 33:172 excludes the Parish of Jefferson. Instead, R.S. 33:172.1 governs the enlargement of boundaries of a municipality in Jefferson Parish. It provides that no ordinance enlarging the boundaries of the municipality shall be valid unless, prior to adoption of the ordinance enlarging the boundary, a petition is presented to the governing body containing the written assent of 25% of the resident property owners and 25% in value of the property within the area proposed to be included in the corporate limits. If the area receives various services from the Parish, then the petition must contain the written assent of more than 50% of the resident property owners as well as 50% in value of the property within the area proposed to be included, according to the certification by the assessor. Notice by publication is required in both cases and a hearing must be held if anyone requests one.
R.S. 33:172.2 relates to the governing authority of Westlake. R.S. 33:173 provides for a 30 day period before the ordinance becomes effective. The next provision is R.S. 33:174, relied on by the trial judge to deprive the Parish of its right of action. Paragraph D relates to the Parish. It states:

*1180 LA R.S. 33:174, Suit to contest reasonableness of proposed extension of corporate limits
D. Notwithstanding the other provisions of this Section, the provisions of this Subsection shall apply to Jefferson Parish. Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits and the question shall be whether the proposed extension is reasonable. If the extension of boundaries is adjudged reasonable, the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed extension is adjudged unreasonable, the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. A similar right of appeal from the judgment of the district court annulling the ordinance shall be granted the municipality or any interested citizen as hereinabove provided. (Emphasis added.) (Footnote excluded.)
Following Section 174, Section 175 provides for the prescriptive period to bring the action. Section 176 provides that the same procedures that apply to expand the boundaries, apply to contract the boundaries of a municipality. Section 177 allows consolidation of suits to contest enlargement or contraction of the boundaries of the municipality. Section 178 describes the procedures to be followed for the passing of the ordinance to annex the property and Section 179 grants the new inhabitants of the municipality the same rights and privileges as the citizens of the municipality to which the territory has been annexed. Section 180 specifically provides for annexation of territory owned by a public body and is the one used to accomplish the annexation in this case. Section 180 states:
Sec. 180. Ordinance to annex territory owned by a public body upon its petition
The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, upon petition of the governing body of the agency, political subdivision or public body owning the land which is to be so included. The governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing or other procedures set forth in this Sub-part. (Emphasis added.)
After reviewing the provisions for annexation, we conclude that Section 180 is not governed by Section 174. Sections 171-179 refer to the inhabitants and owners of an area to be annexed. Thus, it follows that an "interested citizen" of the municipality or territory to be annexed should be provided a right to contest the annexation. However, Section 180 is solely concerned with the annexation of territory owned by a public body. No limitation on the right of action is provided in this section. It is a separate and special annexation provision. If we were to agree with Kenner that Section 174 applies, and that Section 174 excludes a municipality because it is not an "interested citizen", no one would be able to contest annexation of an area in which there are no residents, which is the alleged case here. We conclude that the legislature neither intended that result, nor did it intend to exclude a parish or municipality from contesting an annexation of publicly owned territories. Without a right of action to contest annexation, the parish or municipality might be subject to an invalid or illegal "land-grab." Thus, we find that the Parish has stated a right of action under the Revised Statutes.
Accordingly, the judgment granting the peremptory exception of No Right Of Action is hereby reversed. The case is remanded *1181 for further proceedings. Costs of this appeal are to be paid by Kenner.
REVERSED AND REMANDED.
NOTES
[1] Defendants in the declaratory and injunctive relief action are the City of Kenner and the Louisiana Riverboat Gaming Commission, an agency within the Louisiana Department of Public Safety and Corrections, Public Safety Services.