STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


07-787


KENNETH L. JARRELL, ET AL

VERSUS

TOWN OF NEW LLANO


**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74650-C
HONORABLE J. LESTER P. KEES, PRESIDING
**********


SYLVIA R. COOKS
JUDGE


**********

Court composed of Sylvia R. Cooks, Marc T. Amy and Elizabeth A. Pickett, Judges.


AFFIRMED.

Michael D. Hebert
Milling, Benson, Woodward, L.L.P.
P.O. Box 3723
101 La Rue France, Suite 200
Lafayette, LA 70502
(337) 232-3929
COUNSEL FOR APPELLEES:
        Kenneth L. Jarrell, et al.

John M. Sharp
Stephen H. Shapiro
Sharp Dooley, L.L.C.
3888 S. Sherwood Forest Blvd., Building III, Suite J
Baton Rouge, LA 70816
(225) 291-9919
COUNSEL FOR APPELLANT:
        Town of New Llano

**COOKS, Judge.**

The Town of New Llano appeals the judgment of the trial court which held two ordinances it passed seeking the annexation of property were without effect because of its failure to comply with statutory requirements. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On June 6, 2005, the Town of New Llano (hereafter "the Town") passed two "Ordinances of Annexation" pursuant to the provisions of Title 33 governing the expansion of boundaries by a political subdivision of the State of Louisiana.

Ordinance Number One was an attempt by the Town to annex a portion of U.S. Highway 171 under La.R.S. 33:180(B) and (C) into the corporate limits of the Town. The Town contends that statute allows a public body to annex the paved portion of a highway and its accompanying right of ways without the necessity of annexing any private property upon the mere consent of the State and without the necessity of public hearings and other requirements as stipulated under La.R.S. 33:172. The portion of Hwy. 171 in question extended from the existing southerly limits of the Town south approximately two and one quarter miles to the intersection of Hwy. 171 and Perkins Road. The Louisiana Department of Transportation and Development granted its consent to the annexation as required by La.R.S. 33:180.

Ordinance Number Two was an attempt by the Town to annex private property adjacent to U.S. Highway 171 on both sides under La.R.S. 33:172, which contemplates annexation of private property that is not contiguous to the municipality's corporate limits. To annex private property by petition and ordinance, La.R.S. 33:172(A)(1)(a) requires:

> No ordinance enlarging the boundaries of a municipality shall be valid
> unless, prior to the adoption thereof, a petition has been presented to the

governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters.

In May 2005, a Petition for Annexation requesting the Private Property Annexation was submitted to the Parish of Registrar of Voters and the Parish Assessor in order to verify and certify that consent of the requisite number of registered voters and resident property owners was represented in the Petition. Later that month, the Town published notices of the two proposed Ordinances in the local newspaper as required by statute. According to the notices, a public hearing was scheduled for June 6, 2005 to discuss the proposed Ordinances. This was to be followed by a Board of Aldermen meeting to vote on the Ordinances.

At the public hearing, several people voiced objections to the proposed ordinances. Upon conclusion of the hearing, the Town's Board of Aldermen voted unanimously to adopt the two Ordinances. As required by La.R.S. 33:173, Ordinances One and Two were published in the local newspaper.

Louisiana Revised Statutes 33:174 allows thirty days for any individual party desiring to object to file suit contesting the proposed ordinances. Within that time period, suit was filed by the plaintiffs against the Town contesting the proposed annexations. Plaintiffs alleged that the Certificates of the Assessor and the Registrar of Voters did not comply with the statutory requirements set forth in R.S. 33:174. Plaintiffs also alleged the annexations were unreasonable.

The Town filed a Motion for Summary Judgment, contending it met all statutory requirements and there were no genuine issues of material fact as to whether the annexations were reasonable. The trial court denied summary judgment, finding there were genuine issues of material fact as to whether the Certificates of the

Assessor and the Registrar of Voters were valid.

At trial, the parties agreed to stipulate that all issues pertaining to whether the annexations were unreasonable would be submitted on the record. The trial court found the two Ordinances were without effect because of the Town's failure to comply with the statutory requirements of La.R.S. 33:172 and 33:180. The trial court set forth the following written reasons for its judgment:

> The issues presented for decision are governed by statute under La.R.S. 33:172 and La.R.S. 33:180 which state the law applicable to annexation of property by a public body. The Town of New Llano adopted two ordinances to annex property that would include an approximate 2 mile stretch of Highway 171 located south of the present corporate limits.

> The court finds that New Llano has failed to comply with the statutory requirements of La.R.S. 33:172 and La.R.S. 33:180 and as a result the annexations must fail.

> Ordinance Number Two was an attempt to annex the property in question under La.R.S. 33:172. The court finds that the certificate submitted by the Vernon Parish Tax Assessor does not meet the statutory requirements of R.S. 33:172(A)(1) in that it does not certify, as required by the statute, the number of resident property owners who signed an annexation petition, or the percentage in value of resident property owners who signed an annexation petition. This court further finds that the certificate submitted by the Registrar of Voters does not accurately reflect the written assent of a majority of the registered voters of the property to be annexed. The court herein adopts the reasons for its findings as cited in the post trial memorandum of the plaintiffs.

> Ordinance Number One was an attempt by New Llano to annex the property in question under La.R.S. 33:180(B)(C) under the theory that the statute allows a public body to annex the paved portion of a highway and its accompanying right of ways without the necessity of annexing any private property upon the mere consent of the State without the necessity of public hearings and other requirements as stipulated under R.S. 33:172.

> The court finds that R.S. 33:180(B) does not permit the annexation of the paved portion of a roadway without the annexation of all property adjacent to at least one side of the road. The Town of New Llano argues that "all property" under the terms of the statute means public right of way property and does not include private property. The court finds that the clear language of the statute stipulates nothing less than all property, whether public or private, adjacent to at least one side

-3-

of the road, must be included in the annexation. The court notes that the statute makes a distinction between annexation of the right of way as a corridor and annexation of the paved portion of the roadway by providing different means to accomplish the end result within the statute. Common sense dictates that if "all property" should mean "public property" then a simple substitution of the word "public" for "all" would have been appropriate. In that the court has found the attempt to annex private property under Ordinance Number Two to be invalid, the attempt to annex under R.S. 33:180(B)( C ) is also invalid. To annex property under R.S. 33:180(B), the requirements of R.S. 33:172 must be met.

In that the court has found both attempts at annexation to be in contravention of law, it is not necessary for the court to decide whether or not the annexations are reasonable. The court further notes that it had in prior court proceedings addressed the issue of standing and ruled in favor of the plaintiffs.

The Town appealed the trial court's judgment, asserting the following assignments of error:

(1)  The trial court erred in holding that plaintiffs proved by abundant evidence that the certificates issued by the Registrar of Voters and the Assessor did not satisfy the applicable statutory requirements, and that therefore the Town's annexations were invalid;

(2)  The trial court erred in holding that the Town's annexation of U.S. Highway 171 pursuant to La.R.S. 33:180(B) was invalid; The trial court erred in denying the Town's Exception of No Right of Action, finding that plaintiffs had standing to contest the Town's annexation of a portion of U.S. Highway 171 pursuant to La.R.S. 33:180(B);

(3)  The trial court erred in denying the Town's Exception of No Right of Action, finding that plaintiffs had standing to contest the Town's annexation of a portion of U.S. Highway 171 pursuant to La.R.S. 33:180(B);

(4)  The trial court erred in imposing all costs incurred by plaintiffs.

## ANALYSIS

In its first assignment of error, the Town argues the Plaintiffs did not prove by abundant evidence that the certificates issued did not satisfy the applicable statutory requirements.

We find the record supports the trial court's conclusion that the certificate

submitted by the Vernon Parish Tax Assessor does not meet the statutory requirements of R.S. 33:172(A)(1). The trial court specifically noted the certificate did not certify, as required by the statute, the number of *resident* property owners who signed the annexation petition, or the percentage in value of *resident* property owners who signed the annexation petition. The only matter attempted to be certified by the Vernon Parish Assessor was the total number of property owners in the area sought to be annexed. Plaintiffs additionally note the Assessor's certificate includes the name of "Kenneth Jarrell," who is one of the plaintiffs in this matter and who did not even sign the petition.

A reading of the text of the Assessor's "certificate" shows it does not address the issue of *resident* property owners, as it is required to do by statute. The word *resident* is absent from the "certificate":

> I, James A. Johnson, Assessor for Vernon Parish, State of Louisiana do hereby certify that in as much as Mary Guidry/Guidry Investments, Co., Rupert White and Kenneth Jarrell are the owners and therefore represent the majority of the property owners as well as 25% of the value of the property proposed to be included in the corporate limits of the Town of New Llano, Louisiana as described in the attached Petition for Annexation.

At trial, the Assessor, James Johnson (who signed the certificate), and his Deputy Assessor, Nancy Lewis (who prepared the certificate), both testified they were not asked to determine who the *resident* property owners were, nor did they determine which signors of the annexation petition were *resident* property owners. This testimony establishes the certificate of the Vernon Parish Assessor did not comply with the requirements of La.R.S. 33:172(A)(1). The Town was required to obtain the necessary certificate from the Vernon Parish Assessor "prior to the adoption" of the ordinance. On this issue alone, the annexation attempted by Ordinance Number Two fails.

The Town next contends the trial court erred in holding that the Town's annexation of U.S. Highway 171 pursuant to La.R.S. 33:180(B) was invalid. The trial court held the clear language of R.S. 33:180 stipulates that all property, public or private, must be included in the annexation. The court noted that the statute makes a distinction between annexation of the right-of-way as a corridor and annexation of the paved portion of the roadway by providing different means to accomplish the end result within the statute.

The Town declared that Ordinance Number One was an annexation of roadway pursuant to R.S. 33:180( C ), which provides as follows:

> C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but *which is to be annexed without including the property adjacent to the corridor.* Any annexation pursuant to this Subsection shall be in accordance with the following:
>
> (1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
>
> (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.

(Emphasis added.)

In this case, the Town attempted to annex the right-of-way of a public road that is directly adjacent to other property attempted to be annexed at the same time. By its plain wording, R.S. 33:180(C) does not provide for that scenario.

Further, even if the proposed annexation fit under R.S. 33:180(C) , it becomes inapplicable when the annexation of the property adjoining the right-of-way (Ordinance Number Two) is invalidated. That situation is governed by R.S. 33:180(B), which states:

> B. No municipality may annex the paved portion of a public road

without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.

Without the territory attempted to be annexed in Ordinance Number Two, the roadway attempted to be annexed by Ordinance Number One plainly violates R.S. 33:180(B). It is an invalid annexation of the "paved portion of a public road without including in such annexation all property adjacent to at least one side of the road."

In its third assignment of error, the Town argues the trial court erred in finding Plaintiffs had standing under La.R.S. 33:180 to contest the attempted annexation of U.S. Highway 171 in Ordinance Number One. The Town attempts to graft the standing requirements of La.R.S. 33:174(A) into La.R.S. 33:180, arguing that because none of the Plaintiffs are residents of the roadway sought to be annexed, they have no standing to challenge the annexation.

This issue was directly addressed in *Parish of Jefferson v. City of Kenner*, 96-73 (La.App. 5 Cir. 5/15/96), 675 So.2d 1177, *writ denied*, 96-1563 (La.9/27/96), 679 So.2d 1346. In that case, the Parish of Jefferson contested a proposed annexation by the City of Kenner, which was attempted pursuant to La.R.S. 33:180. As the Town of New Llano did here, The City of Kenner field an Exception of No Right of Action stating the Parish of Jefferson had no right to contest the annexation because it was not within the class of persons authorized by La.R.S. 33:174 to contest the annexation. The court specifically rejected this argument, stating as follows:

> After reviewing the provisions for annexation, we conclude that Section 180 is not governed by Section 174. Sections 171-179 refer to the inhabitants and owners of an area to be annexed. Thus, it follows that an "interested citizen" of the municipality or territory to be annexed should be provided a right to contest the annexation. However, Section 180 is solely concerned with the annexation of territory owned by a public body. No limitation on the right of action is provided in this section. It is a separate and special annexation provision. If we were to agree with Kenner that Section 174 applies, and that Section 174 excludes a municipality because it is not an "interested citizen", no one

-7-

would be able to contest annexation of an area in which there are no residents, which is the alleged case here. We conclude that the legislature neither intended that result, nor did it intend to exclude a parish or municipality from contesting an annexation of publicly owned territories. Without a right of action to contest annexation, the parish or municipality might be subject to an invalid or illegal "land-grab." Thus, we find that the Parish has stated a right of action under the Revised Statutes.

*Id*. at 1180.

Thus, under *Parish of Jefferson*, even litigants who do not meet the test of R.S. 33:174 still have standing to contest the attempted annexation of Highway 171. As recognized in that case, the Town's position would result in *no one* being able to contest the Town's attempted highway annexation, because the only possible litigant would be DOTD, who already "consented" to the annexation.

The second circuit reached a similar result in *Caldwell Parish Police Jury v. Town of Columbia*, 40,865 (La.App. 2 Cir. 3/15/06), 930 So.2d 65, *writ denied*, 06-1565 (La. 10/6/06), 938 So.2d 75. There, the court overruled an exception of no right of action granted against a plaintiff who did not meet the definition of "interested citizen" as set forth in La.R.S. 33:174. The court held "the cause of action asserted herein does not arise under the provisions of La. R.S. 33:174 and therefore is not subject to the limitations provided for therein." *Id*. at 69. The court agreed with the trial court that Caldwell Parish Police Jury had an actual interest in the action because the annexation impacts the parish's tax base. We, therefore, find the trial court did not err in finding Plaintiffs had standing to contest the Town's attempted annexation of U.S. Highway 171.

Lastly, the Town argues the trial court abused its discretion in casting it with all costs below, in the amount of $3,370.74. The Town argues the political subdivisions are generally exempt from paying court costs according to La.R.S. 13:4521, which provides in pertinent part:

A. (1) Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state . . . .

In this case, however, La.R.S. 13:5112, provides an exception:

A. In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful party's court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.

B. In accordance with Section 10 of Article XII of the Constitution of Louisiana, neither the state nor any department, board, commission, agency, or political subdivision thereof shall be required to pay any such award of court costs, pursuant to this Section, until the judgment rendered against the state, department, board, commission, agency, or political subdivision shall become final and definitive under the provisions of Articles 2166 and 2167 of the Code of Civil Procedure or otherwise nonappealable or nonreviewable beyond the delays set by law for same and the funds have been appropriated therefor in a specific dollar amount.

As set forth above, political subdivisions are generally exempt from paying court costs according to La.R.S. 13:4521. However, the subsequent statute creates an exception to this general rule when, upon the discretion of the trial judge, the political subdivision is ordered to pay. La.R.S. 13:5112. The trial court set forth the specific dollar amount the political subdivision is to pay as required by law. Therefore, as the Town did not prevail on any substantive issue in the lawsuit, we find no abuse of discretion in the trial court's assessment of costs.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants, the Town of New Llano.

**AFFIRMED.**