STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-688, 05-689, 05-690

THE PARISH OF ACADIA, ET AL.

VERSUS

TOWN OF DUSON

CONSOLIDATED WITH:

ACADIA PARISH POLICY JURY

VERSUS

TOWN OF DUSON

CONSOLIDATED WITH:

ACADIA PARISH POLICE JURY

VERSUS

TOWN OF DUSON

************
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, CONSOLIDATED NOS. 78541,80988, 81348
JUDGE MARILYN C. CASTLE
************

BILLY HOWARD EZELL
JUDGE

************

Court composed of Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Billy H. Ezell, and James T. Genovese, Judges.

Cooks and Saunders, JJ., dissent finding that the trial court erred in finding the annexation unreasonable.

**AFFIRMED, IN PART; REVERSED AND REMANDED, IN PART.**

**Gerald C. deLaunay**
**Donald D. Landry**
**Perrin, Landry, DeLaunay, Dartez & Ouellet**
**225 La Rue France**
**Post Office Box 53597**
**Lafayette, Louisiana 70505**
**Counsel for Defendant/Appellant:**
  **Town of Duson**

**Andre Doguet**
**Attorney at Law**
**1223 St. John Street**
**Lafayette, Louisiana 70506**
**Counsel for Plaintiffs/Appellees:**
  **Acadia Parish Police Jury, Claude J. Courville,**
  **and Kenneth Goss**

**EZELL, JUDGE.**

These consolidated proceedings were instituted by the Acadia Parish Police Jury ("Acadia Parish") against the Town of Duson.[1] Three separate lawsuits were filed in district court over the course of a two year period, alleging that the ordinances which annexed land located in unincorporated, Acadia Parish, into the municipal limits of the Town of Duson, were unreasonable and should be vacated pursuant to La.R.S. 33:172. The ordinances and resulting annexations took place after the respective landowners submitted petitions to the Town of Duson, requesting same, in accordance with La.R.S. 33:172.

On joint motion of the parties, the pending lawsuits were consolidated and subsequently submitted to the trial court for decision on January 18, 2005. The case was decided by the court on the basis of argument presented in pre-trial memoranda, joint written stipulations presented by the parties to the court, and the joint exhibits of the parties, which included plats of the involved areas prior to and subsequent to annexation, and two depositions: the depositions of the Town of Duson's Mayor, John Lagneaux, and the Secretary of the Acadia Parish Police Jury, Katry Martin.

The trial court issued its ruling and written reasons on February 3, 2005, granting judgment in favor of the Town of Duson and against Acadia Parish in regards to ordinances 03-464 and 02-453, finding those annexations of land to be reasonable. Conversely, the trial court granted judgment in favor of Acadia Parish in regards to ordinance 03-466, declaring it an unreasonable annexation by the Town of Duson and vacating same. The final judgment was signed June 7, 2005. The

---

[1]Claude J. Courville (the Acadia Parish police jury president) and Kenneth Goss (the Acadia Parish sheriff) were also plaintiffs, along with the Acadia Parish Police Jury, in suit number 78541, which challenged proposed ordinance 02-453.

1

Town of Duson appeals the portion of the judgment which vacated, and declared, ordinance 03-466 unreasonable and the assessment to it of one-half of the court costs in these proceedings. We affirm, in part, and reverse and remand, in part.

## I.

### ISSUES

The Town of Duson argues that Acadia Parish failed to satisfactorily sustain the burden of proof required to establish that the annexation of land by ordinance 03-466 was unreasonable pursuant to La.R.S. 33:172. In addition, it argues that the trial court failed to apply the statutory considerations set forth in La.R.S. 33:172A(1)(d)(iii) during its consideration of the reasonableness of ordinance 03-466. Finally, the Town of Duson asks the court to determine whether the assessment of court costs against it is proper.

## II.

### FACTS

The challenged ordinance at issue is ordinance number 03-466, adopted January 13, 2004, which annexed approximately 5.36 acres of property belonging to Sterling Hubbard, Francois Poupart, and the heirs of Donald Romero (the "Sterling Hubbard tract"). The owners of the Sterling Hubbard tract, petitioned the Town of Duson to have this portion of their land annexed into its municipal limits for the limited purpose of having their property become subject to the town's zoning ordinance. This was necessary in order for those owners to apply for permits from the State Department of Transportation and Development to erect billboards on this property along Interstate 10 (I-10).

2

Upon submission of this matter for decision to the trial judge, the parties jointly stipulated the following facts as to the Sterling Hubbard tract: (1) that at the time of the annexation, the Sterling Hubbard tract was privately owned, vacant property; (2) that there were no registered voters on the property nor resident property owners; and (3) that this tract was contiguous to the municipal boundaries of the Town of Duson, as that term is defined by La.R.S. 33:172. The stipulation clarified that the Sterling Hubbard tract was contiguous only because it was adjacent to I-10, which is located within the Town of Duson's city limits, despite its not being contiguous to any other area of the Town of Duson. In other words, the Sterling Hubbard tract is located north of I-10 and is adjacent and contiguous to the interstate, while the Town of Duson, prior to the annexation, included only this subject portion of I-10 and land south of I-10.

Despite this stipulation, Acadia Parish argued in its pre-trial memorandum that the proposed annexation site was not "truly contiguous" to the Town of Duson, and submitted to the court that the burden of proof should rest with the Town of Duson to show that the annexation was reasonable. Acadia Parish based this argument on the fact that the portion of I-10 located adjacent to the Sterling Hubbard tract was inaccessible and closed to vehicular and pedestrian traffic, leaving no other way to reach the Sterling Hubbard tract from the existing Town of Duson, other than by exiting the town, traveling north across I-10, and then circling back to the annexed property. The parish also asked the court to consider the deposition testimony of Mayor Lagneaux, during which he states that because of the described inaccessibility of the Sterling Hubbard tract and its distance from the rest of Duson's existing municipal limits, the town had no existing plans to extend water and sewer service

3

to that annexed area. Acadia Parish asserted that because no city services were being contemplated by the Town of Duson, the ultimate size of the annexation should be considered suspect, since the entire tract did not need to be annexed in order for the property owners to gain permits to erect billboards along I-10. The true reason for the annexation of the Sterling Hubbard tract, it was further argued, was for the Town of Duson to gain access to the land in order to deprive Acadia Parish of any possible future tax revenues that might be gained from video poker truck stop casinos that might locate in the area in the future, and to secure all such future tax revenues for itself.

According to the Town of Duson, the annexation was reasonable because all of the property owners sought the annexations due to their desires to erect billboards on their property along I-10. The annexations, it was submitted, would be commercially beneficial to the landowners, who without the annexations, would be unable to pursue this source of income. Moreover, the Town of Duson argued that it and the parish would also benefit due to the possible increased traffic and business that could be attracted to the area by future billboards. The Town of Duson denied the existence of any detrimental consequences resulting from the annexations.

The trial court disagreed with the Town of Duson, and in its written reasons for ruling, declared the annexation of the Sterling Hubbard tract unreasonable, stating:

> As to [the Sterling Hubbard] tract, the owner requested annexation for purposes of signage only and only as to a portion of his land. Furthermore, the furnishing of utilities to this tract, which is located across I-10 from the bulk of the Town of Duson, is not presently contemplated. As stated by the mayor, "I did not make anybody a promise for utilities on the north side of the interstate . . . [sic] Because of the cost." (Lagneaux deposition[,] p.31).

> The only part of the existing corporate limit of Duson the Hubbard tract abuts is the I-10 roadbed and it cannot be accessed

4

directly from I-10 by vehicular traffic.  As noted above in discussion regarding contiguity for purposes of La.R.S. 33:172A(1)(d)(iv), the issue of accessibility may be a factor in determining the reasonableness of an annexation, although it is not a requirement for purposes of determining the burden of proof.  Weighing all factors discussed herein, in light of the language of *Pyle*, *supra*, [*Pyle v. City of Shreveport*, 215 La. 257, 40 So.2d 235 (La.1949)] the Parish has shown, by a preponderance of the evidence, that the annexation of the Sterling/Hubbard tract, as set forth in Ordinance No. 03-466, is unreasonable.  The annexation of five acres of a much larger tract, for the sole purpose of erecting signage, without any plans or forseeable [sic] means of providing sewer or water services, and where the tract is not directly accessible to any other portion of the Town of Duson (other than walking on foot across an interstate highway) is unreasonable.  Had the ordinance sought to annex a much smaller tract, in keeping with the purpose of the erection of signage, the Court might find otherwise.

## III.

## LAW AND DISCUSSION

### *Reasonableness of the Annexation*

Louisiana Revised Statute 33:172A(1)(d)(iii) sets forth a nonexhaustive list of factors that the trial court is required to consider, when determining the reasonableness of an ordinance enlarging the boundaries of a municipality.  The factors to be considered, include, but are not limited to (1) an evaluation of the desires of the owners of the property proposed to be annexed, (2) the anticipated public benefit of the proposed annexation, and (3) the fiscal and financial impact that the extension of the corporate limits of the municipality will have on the municipality, the parish, and the neighboring property owners.  La.R.S. 33:172A(1)(d)(iii). Jurisprudence has also long held that the determination of reasonableness, with reference to annexation, depends largely upon the particular facts in any given situation and that the court is to consider the benefits and detriments to both the municipality and the area to be annexed when making this determination.  *Kansas*

5

*City Southern Ry. Co. v. City of Shreveport*, 354 So.2d 1362 (La.1978), *cert. denied*, 439 U.S. 829, 99 S.Ct. 103 (1978).

The trial court was asked to decide this case based on solely written evidentiary submissions. In such a case, the manifest error standard of review still applies, and the trial court's evaluations of credibility and inferences of fact having a reasonable basis in the evidence, will not be disturbed unless determined to be clearly wrong. *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973); *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). Under this standard of review, this court is bound to give great deference to the trial court's factual findings that are reasonably supported by the record. *Ragas v. Argonaut Southwest Ins. Co.*, 388 So.2d 707 (La.1980).

After a complete review of the record, we find no error in the trial court's determination that Acadia Parish established that the annexation was unreasonable and find that the trial court properly considered all of the statutorily mandated factors for determining the reasonableness of the annexation. The trial court clearly considered the desires of the property owners seeking the annexation, as well as any anticipated public benefit and fiscal and financial impact such annexation could have on all affected parties. *See* La.R.S. 33:172A(1)(d)(iii). Moreover, we find that the additional factors found by the court to weigh against the annexation, were proper considerations. As the supreme court noted in *Pyle,* 40 So.2d 235, the idea of a municipal incorporation necessarily includes the concepts of contiguity, regularity of boundaries, unity and compactness of a collective body, as opposed to separation or segregation. Accordingly, the lack of any direct accessibility of the area to be annexed to the existing city limits was a reasonable consideration of the trial court in its determination. Additionally, in regard to the lack of plans for the extension of

6

municipal services to the annexed area, this court has previously found that the reasonableness of an increase of municipal boundaries may properly be determined by consideration of the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents in adjacent areas. *See Redmond v. City of Lafayette*, 594 So.2d 566 (La.App. 3 Cir.), *writ denied*, 600 So.2d 611 (La.1992). The record clearly supported the fact that the Town of Duson lacked any foreseeable plans to provide these services to the newly incorporated area.

### *Assessment of Costs*

Article 1920 of the Code of Civil Procedure provides that "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." As Article 1920 makes clear, the court is vested with the power to assess costs as it may consider equitable, unless otherwise prohibited by law. Louisiana Revised Statute 13:4521, exempts municipalities from the payment of costs, and states in relevant part, in this regard:

> A. (1) Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans.
>
> . . . .
>
> (5) As the term is used in this Section, "political subdivision" means any parish, municipality, special district, school board, sheriff,

7

public board, institution, department, commission, district, agency, authority, or an agency or subdivision of any of these, and any other public or governmental body of any kind which is not a state agency.

B. It shall be the duty of the exempted entities set forth above to assist in the collection of court costs due by the opposing litigants by requesting the court in question to tax costs in accordance with the provisions of Article 1920 of the Code of Civil Procedure. In this regard the entities are authorized to and shall withhold any court costs due by the opposing litigants, from any settlement payment to the said parties, and shall forward said costs to the clerk of court.

C. This Section shall have no application to stenographers' costs for taking testimony.

In this case, however, La.R.S. 13:5112, provides an exception:

A. In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful party's court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.

B. In accordance with Section 10 of Article XII of the Constitution of Louisiana, neither the state nor any department, board, commission, agency, or political subdivision thereof shall be required to pay any such award of court costs, pursuant to this Section, until the judgment rendered against the state, department, board, commission, agency, or political subdivision shall become final and definitive under the provisions of Articles 2166 and 2167 of the Code of Civil Procedure or otherwise nonappealable or nonreviewable beyond the delays set by law for same and the funds have been appropriated therefor in a specific dollar amount.

As is set forth above, political subdivisions are generally exempt from paying court costs according to La.R.S. 13:4521. However, the subsequent statute creates an exception to this general rule when, upon the discretion of the trial judge, the political subdivision is ordered to pay. La.R.S. 13:5112. This exception, found in

8

La.R.S. 13:5112, mandates the judgment to give a specific dollar amount the political subdivision is to pay. *See Foster v. Unopened Succession of Smith*, 38,386 (La.App. 2 Cir. 5/20/04), 874 So.2d 400, *writ denied*, 04-1547 (La. 11/8/04), 885 So.2d 1137; Op.Atty.Gen., No. 02-0359, October 10, 2002. The trial court in this case, issued an order, dated February 15, 2005, casting the parties each, with one-half (1/2) of the court costs in these consolidated proceedings. To the extent the trial court's order of the assessment of costs fails to set forth an express dollar amount that the parties are to pay, the order is hereby reversed and remanded for reconsideration and assessment of costs in accordance with La.R.S. 13:5112.

For the reasons assigned, the judgment of the trial court is affirmed, in part, and reversed and remanded, in part. Costs of this appeal are assessed against the Town of Duson in the amount of $552.80.

**AFFIRMED, IN PART; REVERSED AND REMANDED, IN PART.**

**COOKS AND SAUNDERS, JJ.**, dissent finding that the trial court erred in finding the annexation unreasonable.