986 So.2d 70 (2008)
RIVERSIDE HOMEOWNERS ASSOCIATION, Brian Colwell, Vicki Leftwich, Linda Chambless, and Don Chambless
v.
CITY OF COVINGTON, A Political Subdivision Existing Under the Laws of the State of Louisiana; Charles R. St. Romain, Individually and as Administrator of State Land Office, Division of Administration, State of Louisiana; Keith Villere, Individually and as Mayor of the City of Covington; Leroy Jenkins, Jr., Individually and as President of the Covington City Council; John M. Dean, Leroy Jenkins, Jr., Lonnie Boykins, Jerry Lee Coner, W.T. "Trey" Blackall, III, Carolyn Pearce and Matthew Faust, Individually and As Members of the Covington City Council; State Land Office, State of Louisiana.
Riverside Drive Civic Association
v.
City Of Covington, Keith Villere, Covington City Council and Charles R. St. Romain.
Nos. 2007 CA 0886, 2007 CA 0887.
Court of Appeal of Louisiana, First Circuit.
April 16, 2008.
*71 Robert P. Roberts, New Orleans, LA, for Plaintiff/Appellant, Riverside Drive Civic Association.
Deborah Dunningham Foshee, Kirk. P. Groh, Covington, LA, for Defendant/Appellee, City of Covington.
Before GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
In this consolidated case, the Riverside Drive Civic Association,[1] Vernon J. Nordman, Gloria A. Nordman, Alfred L. Combe, Charlotte P. Combe, Earl J. Pechon, Audrey M. Pechon, and Patrick Roberts (plaintiffs) appeal a judgment of the Twenty-Second Judicial District Court granting the City of Covington's motion for partial summary judgment and denying the plaintiffs' motion for partial summary judgment. The plaintiffs had sought declaratory judgment and permanent injunctions annulling and restraining the City of Covington's annexation of a portion of the bottom of state-owned Bogue Falaya River and a private property adjacent to the river (the Pacaccio property.)
The first case was filed October 2, 2001, prior to the City of Covington's passage of the two annexation ordinances. The petition sought declaratory judgment that the proposed annexation was null and void, and sought restraining orders and permanent injunction prohibiting the City of Covington from passing the two annexation ordinances, and a writ of quo warranto directing the City of Covington to show by what authority it had undertaken to exercise the power of annexation. The Riverside Drive Civic Association was the plaintiff in that case.[2] Named as defendants were the City of Covington, Keith Villere, individually and as Mayor of the City of Covington, the Covington City Council, Leroy Jenkins, Jr., individually and as president of the Covington City Council, John M. Dean, Lonnie Boykins, Jerry Lee Coner, W.T. "Trey" Blackall, *72 III, Carolyn Pearce and Matthew Faust, individually and as members of the Covington City Council, (the City defendants) the State Land Office, State of Louisiana, and Charles R. St. Romain, individually and as administrator for the State Land Office, Division of Administration, State of Louisiana.
The City defendants filed peremptory exceptions of no cause and no right of action as to the quo warranto. After a hearing on October 9, 2001, the plaintiffs' application for quo warranto was dismissed by the district court and the City defendants' exceptions of no cause of action and no right of action, as to the quo warranto, were maintained. Judgment was signed on October 30, 2001.
The second suit was filed by the plaintiffs on November 20, 2001, after the City of Covington passed the annexation ordinances, and named as defendants the City of Covington, Keith Villere, individually and as mayor of the City of Covington, the Covington City Council, and Charles R. St. Romain, individually and as administrator for the State Land Office, Division of Administration. This suit sought to revoke the annexations, asked for declaratory judgment that the annexations were void, and sought permanent injunctions forbidding the City of Covington and the State Land Office from annexing the property. The State officials in their individual capacity were dismissed from suit on April 16, 2003. Thereafter on July 14, 2003, the two cases were consolidated by the district court.
Plaintiffs filed a motion for partial summary judgment on April 25, 2006, seeking judgment on the claims that the annexations were ultra vires and in violation of La. R.S. 33:180(A), 33:172(A)(1) and the Louisiana Constitution. The City defendants opposed plaintiffs' motion for partial summary judgment and filed peremptory exceptions of no cause of action, no right of action, and an alternative motion for partial summary judgment, asserting that the annexations were valid and that the plaintiffs challenge to the annexations should be dismissed with prejudice. After a hearing, the district court denied plaintiffs' motion for partial summary judgment, granted the City defendants' motion for partial summary judgment and dismissed the plaintiffs' suit with prejudice.[3] The plaintiffs appeal that judgment. The plaintiffs also sought supervisory writs from this court. By unpublished interim order of this court, Riverside Drive Homeowners Association v. City of Covington, 2007 CW 0002 (La.App. 1 Cir. 2/21/07), the writ application was referred to the merits of the case.
After a thorough review of the record, we affirm the trial court judgment and deny the writ.

THE APPEAL
On appeal the plaintiffs contend that the annexations were ultra vires and in violation of Louisiana statutes and the Louisiana Constitution, asserting that because state-owned land is not subject to annexation under La. R.S. 33:180. They further aver the Louisiana State Land Office, which accommodated the City's request for a petition seeking annexation of the Bogue Falaya River bottom, was not authorized to do so and acted in violation of the state constitution; and aver that the annexation of the Pacaccio Property adjacent to the river was unlawful because La. R.S. 33:172 requires some contiguity between the *73 City's boundary and the boundary of property it seeks to annex, and that because the annexation of the river bottom was unlawful, the required contiguity was lacking.
The first issue we consider is whether a municipality can annex noncontiguous private land under La. R.S. 33:172(A). Louisiana Revised Statutes 33:172(A) provides in part:
A. (1)(a) No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters.
(b) If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.
(c) If there are no resident property owners, nor registered voters residing, in the area proposed for annexation and the area is vacant land, then the requirement for a majority of the resident property owners and a majority of the registered voters on the petition shall not apply, so long as the petition contains the written assent of each nonresident property owner of each tract, lot, or parcel in the area proposed for annexation. No ordinance annexing vacant property across parish boundaries shall be valid unless it has first been approved by the parish governing authority of the area to be annexed.
(d)(i) With regard to any proposed annexation pursuant to Subparagraph (c), the parish in which the land proposed to be annexed is located shall have standing to contest whether the proposed annexation is reasonable. Such suit shall be filed within the thirty-day period before the ordinance becomes effective.
(ii) Any suit filed pursuant to Item (i) shall be given preferential treatment on the docket and shall be tried summarily, without a jury, and in open court, within thirty days after the filing of the suit.
(iii) The court shall consider the reasonableness of the proposed extension of the corporate limits, which consideration shall include but not be limited to an evaluation of the desires of the owners of the property proposed to be annexed, the anticipated public benefit of the proposed annexation, and the fiscal and financial impact that the extension of the corporate limits of the municipality will have on the municipality, the parish, and the neighboring property owners.
(iv) If the property proposed to be annexed is contiguous to the existing corporate limits, then the parish shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is not reasonable. If the property is not contiguous to the existing corporate limits, then the municipality shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is reasonable. "Contiguous.", as used in this provision, means that at least thirty-two feet of the vacant land proposed to be annexed is adjacent to the corporate limits and expands to a width greater than thirty-two feet within three hundred feet from the corporate limits.
(v) Any interested citizen of the municipality may intervene in any suit filed pursuant to this Subparagraph to contest *74 the proposed extension of the corporate limits pursuant to R.S. 33:174.
. . . . .
(xi) A final judgment holding that the extension is reasonable in a suit under this Subparagraph shall be binding in any suit brought under R.S. 33:174.
(xii) If the proposed extension of boundaries is adjudged reasonable, the ordinance shall go into effect ten days after a final judgment is rendered and signed, subject to the provisions of R.S. 33:174. If the proposed extension is adjudged invalid, the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. (Emphasis added.)
The plaintiffs argue that under La. R.S. 33:172 a municipality is unable to annex property not already contiguous to its borders. However, a reading of those statutes shows that they presume that a noncontiguous annexation is possible in at least some circumstances, as shown in La. R.S. 33:172(A)(1)(d)(iv), which shifts the burden of proving the reasonableness of annexation to the municipality when the property to be annexed is noncontiguous. Thus, we cannot agree with plaintiffs that only contiguous annexations are allowed. However, non-contiguous annexations are the exception to the general rule. One such exception is the "corridor" annexation found in La. R.S. 33:180(C). Louisiana Revised Statutes 33:180 provides:
A. The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, but only upon petition of the governing body of the agency, political subdivision, or public body owning the land which is to be so included. Except as otherwise provided by this Section, the governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing, or other procedures set forth in this Subpart.
B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
(1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
(2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
(Emphasis added.)
This statute was analyzed by the appellate court in Caldwell Parish Police Jury v. Town of Columbia, 40,865, p. 2 (La. App.2d Cir.3/15/06), 930 So.2d 65, 74-75, (on rehearing), writ denied, XXXX-XXXX (La.10/6/06), 938 So.2d 75, wherein the court found that La. R.S. 33:180(C) allowed the Town of Columbia to annex noncontiguous *75 private property. The court also found that LA. R.S. 33:180(B) and (C) applied to different situations, stating:
It is clear from the legislative history that subparts B and C pertain to different situations. Subpart B serves the intention of Representative Wright's bill by preventing municipalities from annexing the paved portions of public roads for creating speed-traps. To annex, the paved portion of a roadway, a municipality must also annex all the property adjacent to at least one side of the roadway. This requirement burdens municipalities with the responsibility of complying the [sic] with the requirements of annexation, such as in La. R.S. 33:172, and of providing services to the annexed areas, thereby deterring annexations for creating speed-traps.
Subpart C addresses the concern that municipalities be able to extend their limits to encompass commercial areas that may not be contiguous to the city limits. A municipality is allowed to annex a "portion of the right-of-way of a public road as a corridor" to connect the municipality to noncontiguous property. Municipalities are relieved of the burden of also annexing the property adjacent to one side of the road as in subpart B.
Upon our review of these provisions and the record of this matter, we find that we erred in concluding that the annexation of the corridor by the Town of Columbia exceeded what is allowed under La. R.S. 33:180(C) by annexing the paved portion of the public roads without annexing property adjacent to at least one side. Rather, the Town of Columbia annexed a corridor by utilizing U.S. Highway 165 and La. Highway 849 to connect the town to the Riser property. We find that "a portion of a right-of-way of a public road" refers to that measure of the roadway serving as the corridor from the limits of the municipality to the property being annexed, rather than to some nebulous section along the right-of-way as suggested by our prior opinion.
Our reading of La. R.S. 33:180(C) within the applicable overall legislative scheme shows that contiguity is required for annexations except where specifically authorized by other law, such as La. R.S. 33:180(C). Thus, in the present case, we find that the City of Covington could not annex the Pacaccio property without also annexing the river bottom in order to create contiguity.
The second issue before us is whether the bottom of the state-owned navigable river could be annexed under La. R.S. 33:180. Louisiana Revised Statutes 33:180 does not limit what sort of state-owned lands may be annexed under its provisions. It requires that the agency, political subdivision, or other public body that owns the land must petition the municipality for the annexation. There is no dispute that the river bottom at issue is state-owned, because the river is navigable. La. C.C. art. 450. Because annexation would not transfer ownership, or limit the State through the Land Office and Department of Natural Resources in controlling and leasing encroachments on the riverbed according to State policy in La. R.S. 41:1701, we find that La. R.S. 33:180 does apply to this property. Thus, we find that the state-owned navigable river bottom may be annexed by the City of Covington.
The third issue before us is whether the State Land Office is the proper party to petition for the annexation. Louisiana Revised Statutes 33:180 requires that the governing body of the agency or public body that owns public land petition the municipality. La. R.S. 33:180(C)(1). The State Land Office, as the party responsible *76 for the administration of all state land and water bottoms under La. R.S. 41:1701 would be the agency to do so. Louisiana Revised Statutes 41:1701 requires the protection, administration and conservation of state water bottoms be done so as to "best ensure full public navigation, fishery, recreation, and other interests." This policy would require that the State Land Office consider preserving their interests when deciding how to control the property in conjunction with the Department of Natural Resources. Thus, we find that State Land Office is the proper party to petition for annexation of state land.
Therefore, for the foregoing reasons, the trial court judgment is affirmed. The writ is denied. Costs are assessed against the plaintiffs.
JUDGMENT AFFIRMED; WRIT DENIED.
McCLENDON, J., dissents and assigns reasons.
McCLENDON, J., dissenting and assigning reasons.
I agree with the majority that contiguity is required under the facts of this particular case and that the water bottom in question may be annexed. However, from my reading of LSA-R.S. 41:1701, the cited authority herein, it is the Department of Natural Resources that has the responsibility for the overall management of state owned property and water bottoms. The State Land Office is assigned a more limited responsibility for the "control, permitting, and leasing of encroachments upon public lands," and, pursuant to LSA-R.S. 1701.1 B, the control and operation of specific programs, including certain "programs" pertaining to "water bottoms," as provided in section B(2). Thus, I believe that the "governing body" referred to in LSA-R.S. 33:180 is the Department of Natural Resources. For these reasons, I respectfully dissent.
NOTES
[1] Erroneously referred to as the Riverside Drive Homeowners Association in one petition.
[2] The individual plaintiffs in this suit, Brian Colwell, Vicki Leftwich, Linda Chambliss and Don Chambliss, were removed as plaintiffs by an amended petition.
[3] The district court did not rule on the exceptions of no cause of action and no right of action. The partial summary judgment at issue is an appealable judgment because it dismissed the suit.