STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-443 consolidated with CA 08-444


PHILLIP M. ROBERTS

VERSUS

TOWN OF HENDERSON


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 70995 C/W 71068
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Billy Howard Ezell, Judges.


AFFIRMED.


Bradley Charles Myers
Lana D. Crump
Katie D. Bell
Kean Miller, Hawthorne, et al
P. O. Box 3513
Baton Rouge, LA 70821-3513
(225) 387-0999
Counsel for Other:
Louisiana Municipal Association

**John L. Olivier**
**Olivier & Brinkhaus**
**P.O. Drawer E**
**Sunset, LA 70584**
**(337) 662-5242**
**Counsel for Defendant/Appellant:**
**Town of Henderson**

**W. Glenn Soileau**
**Attorney at Law**
**P. O. Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**Counsel for Plaintiff/Appellee:**
**Phillip M. Roberts**

**EZELL, JUDGE.**

In this matter, the Town of Henderson appeals a decision of the trial court finding that its annexation of a tract of land was unreasonable, and therefore, invalid. For the following reasons, we affirm the decision of the trial court.

This case arose when Henderson attempted to annex an area west of its current town limits. The area Henderson attempted to annex (hereinafter referred to as "the annex") consisted of the area running north and south of I-10 near exit 115. The annex included several restaurants, truck stops, gas stations, hotels, and casinos, while the town of Henderson itself has a small business community and no service stations. However, Henderson did not attempt to simply extend its border west to encapsulate the annex, but rather, the attempted annexation plan left a gap between the town limits and the annex, connected to the town solely by a strip of I-10 previously annexed by the town in 2005. As there is no exit from I-10 into the Town of Henderson itself, the annex is inaccessible from the town limits of Henderson via that route. The sole roadway accessing the annex from Henderson, Louisiana Highway 352, runs through the gap created by the plan. Phillip Roberts and Harry Castille both brought actions challenging Henderson's annexation, resulting in this consolidated action. After taking evidence and testimony, the trial court ruled in favor of Roberts and Castille, finding that the annexation plan was unreasonable. From that decision, Henderson appeals.

Henderson asserts three assignments of error on appeal. It claims the trial court erred in ruling the annexation was unreasonable because it was not contiguous with the Town of Henderson; that the trial court erred in ruling the annexation was invalid because of irregular boundary lines found to have been drawn arbitrarily and discriminatorily; and that the trial court erred in ruling the annexation invalid based

on other factors. It is clear that these assignments of error do not allege three separate or distinct errors by the trial court. Rather, they address underlying factors the trial court considered in reaching the one decision Henderson ultimately alleges to be in error, the finding that the annexation was unreasonable. As such, the three assignments of error will be addressed as one.

The manifest error standard of review applies to cases concerning annexation. *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973); *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). If the trial court's evaluations of credibility and inferences of fact have a reasonable basis in the evidence, they will not be disturbed unless found to be clearly wrong. *Id.* Under this standard of review, this court is obligated to give great deference to the trial court's factual findings if they are reasonably supported by the record. *Ragas v. Argonaut Sw. Ins. Co.*, 388 So.2d 707 (La.1980).

Louisiana Revised Statutes 33:172 (A)(1)(d)(iii) lists factors that the trial court is required to consider when determining the reasonableness of any ordinance enlarging the boundaries of a municipality. The factors to be considered include, but are not limited to: (1) an evaluation of the desires of the owners of the property proposed to be annexed, (2) the anticipated public benefit of the proposed annexation, and (3) the fiscal and financial impact that the extension of the corporate limits of the municipality will have on the municipality, the parish, and the neighboring property owners. La.R.S. 33:172 (A)(1)(d)(iii). Louisiana jurisprudence has also long held that in cases concerning annexation, the determination of reasonableness depends largely upon the particular facts of any given situation and that the court is to consider the benefits and detriments to both the municipality and the area to be annexed when making its determination. *Kan. City S. Ry. Co. v. City of Shreveport*, 354 So.2d 1362 (La.1978), *cert. denied*, 439 U.S. 829, 99 S.Ct. 103.

2

The main crux of Henderson's argument is that the trial court relied too heavily on the fact that the annexed area is not contiguous with the town, leading to the finding that the annexation was unreasonable. Louisiana Revised Statutes 33:172(A)(1)(d)(iv) provides in part:

> If the property proposed to be annexed is contiguous to the existing corporate limits, then the parish shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is not reasonable. If the property is not contiguous to the existing corporate limits, then the municipality shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is reasonable. "Contiguous", as used in this provision, means that at least thirty-two feet of the vacant land proposed to be annexed is adjacent to the corporate limits and expands to a width greater than thirty-two feet within three hundred feet from the corporate limits.

It is clear that the statute "presume[s] that a noncontiguous annexation is possible in at least some circumstances, as shown in La.R.S. 33:172(A)(l)(d)(iv), which shifts the burden of proving the reasonableness of annexation to the municipality when the property to be annexed is noncontiguous." *Riverside Homeowners Ass'n v. City of Covington*, 07-886, 07-887, p. 7 (La.App. 1 Cir. 4/16/08), 986 So.2d 70, 74. The court in *Riverside* also went on to note:

> *[N]on-contiguous annexations are the exception to the general rule.* One such exception is the "corridor" annexation found in La. R.S. 33:180(C). Louisiana Revised Statutes 33:180 provides:
> . . . .
>
> **C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:**
>
> (1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
>
> (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption

3

of the ordinance. (Emphasis added.)

This statute was analyzed by the appellate court in *Caldwell Parish Police Jury v. Town of Columbia*, 40,865, p. 2 (La.App.2d Cir. 3/15/06), 930 So.2d 65, 74-75, (on rehearing), *writ denied*, 2006-1565 (La. 10/6/06), 938 So.2d 75, wherein the court found that La. R.S. 33:180(C) allowed the Town of Columbia to annex noncontiguous private property. The court also found that LA. R.S. 33:180(B) and (C) applied to different situations, stating:

> It is clear from the legislative history that subparts B and C pertain to different situations. Subpart B serves the intention of Representative Wright's bill by preventing municipalities from annexing the paved portions of public roads for creating speed-traps. To annex the paved portion of a roadway, a municipality must also annex all the property adjacent to at least one side of the roadway. This requirement burdens municipalities with the responsibility of complying the [sic] with the requirements of annexation, such as in La. R.S. 33:172, and of providing services to the annexed areas, thereby deterring annexations for creating speed-traps.

> Subpart C addresses the concern that municipalities be able to extend their limits to encompass commercial areas that may not be contiguous to the city limits. A municipality is allowed to annex a "portion of the right-of-way of a public road as a corridor" to connect the municipality to noncontiguous property. Municipalities are relieved of the burden of also annexing the property adjacent to one side of the road as in subpart B.

> Upon our review of these provisions and the record of this matter, we find that we erred in concluding that the annexation of the corridor by the Town of Columbia exceeded what is allowed under La. R.S. 33:180(C) by annexing the paved portion of the public roads without annexing property adjacent to at least one side. Rather, the Town of Columbia annexed a corridor by utilizing U.S. Highway 165 and La. Highway 849 to connect the town to the Riser property. We find that "a portion of a right-of-way of a public road" refers to that measure of the roadway serving as the corridor from the limits of the municipality to the property being annexed, rather than to some nebulous section along the right-of-way as suggested by our prior opinion.

> *Our reading of La. R.S. 33:180(C) within the applicable overall legislative scheme shows that contiguity is required for annexations except where specifically authorized by other law, such as La. R.S.*

4

*33:180(C).*

*Id* at 74-75 (alteration in original)(italic emphasis added).

In this case, while I-10 runs as a northern border and through a small portion of Henderson after the 2005 annexation of that portion of the Interstate, it does not act as a "connecting corridor" to the annexed property as required under La.R.S. 33:180(C) and by *Caldwell*, 930 So.2d 65. As there is no ingress or egress from I-10 to the town via any exit or on-ramp, anyone getting onto I-10 at the annex could simply not reach the old town of Henderson. Therefore, the Interstate does not truly connect the municipality to the noncontiguous property sought to be annexed. In fact, the only corridor actually connecting Henderson and the annex is Louisiana Highway 352, which runs through the gap separating the annex and the town. Because of this, anyone, including police, fire, or other relevant city services, seeking to access the annex from Henderson would have to leave the town limits, then re-enter what would be the newly annexed portion of the town. Under the particular facts of this case, where I-10 does not act as a true corridor between the two entities, we find that the exception to contiguity carved out by La. R.S. 33:180(C) does not apply*,* and the general rule that contiguity is required for annexation noted in *Riverside*, 986 So.2d 70, remains in tact.

Furthermore, we find that the utter lack of access from I-10 to Henderson makes *Parish of Acadia v. Town of Duson,*05-688, 05-689, 05-690 (La.App. 3 Cir. 7/1/05), 909 So.2d 642, *writ denied*, 05-1831 (La. 1/27/06), 922 So.2d 554, extremely on point. In that matter, the Town of Duson attempted to annex a tract of land contiguous only in that it was adjacent to I-10, which is located within the Duson city limits, despite the land not being contiguous to any other area of the town. The tract was located north of I-10 and was adjacent and contiguous to the interstate, while the

5

Town of Duson, prior to the annexation, included only this subject portion of I-10 and land south of I-10. Acadia Parish argued that annexation was unreasonable based on the fact that the portion of I-10 located adjacent to the tract was inaccessible and closed to vehicular and pedestrian traffic, leaving no other way to reach the tract from the existing Town of Duson, other than by exiting the town, traveling north across I-10, and then circling back to the annexed property. The trial court ruled that the annexation was unreasonable.

On appeal, this court noted that the supreme court in *Pyle v. City of Shreveport*, 215 La. 257, 40 So.2d 235 (1949), set forth the idea that a municipal incorporation necessarily includes the concepts of contiguity, regularity of boundaries, unity and compactness of a collective body, as opposed to separation or segregation. We affirmed the determination that the annexation had been unreasonable, holding that the lack of any direct accessibility between the area to be annexed and the existing city limits was a reasonable consideration of the trial court in its determination.

Following the jurisprudence mentioned above, we find the lack of any direct access from the annex to Henderson's existing town limits created an absence of contiguity and that this was a reasonable consideration of the trial court in its determination.

Moreover, the lack of contiguity between Henderson and the annexed area was but one of the many reasons the trial court found the annexation unreasonable. The trial court went on to note that Henderson was arbitrary and discriminatory in failing to include the area between the town and the proposed annex in the annexation plans. The mayor of Henderson testified that despite over fifty percent of the people in the excluded area desiring annexation, the town omitted this tract from the final annexation solely because including that expanse would have, in his mind, brought

6

the percentage of the property value required for the annexation to be valid down to a level which "would have been too close" to causing the annexation to fail, even though the percentage was sufficient to meet the requirements of La. R.S. 33:172(A). The exclusion of this area caused irregular, arbitrary boundary lines which excluded Louisiana Highway 352, which would have connected the town and the annex in a much more reasonable way.

Additionally, the Town of Henderson has, in fact, decreased in population from 1990 to 2007. There was only one building permit issued in the town in the last three years, and the town had 626 undeveloped acres of land within its present city limits which could be developed. But even more damning than these factors is the simple fact that Henderson has nothing to offer that is to the benefit of the annexed area. The annex currently gets water from the parish water system, as does Henderson. Henderson has no gas or electrical system to offer the area. Fire protection is already provided to the annex by a parish fire station located in the vicinity. The annex is currently patrolled by the St. Martin Parish Sheriff's office in conjunction with the Henderson Police Department, who has to travel through the annexed area to patrol the section of I-10 annexed in 2005, so no real increase in police presence would be offered to the area. In fact, because Henderson does not have a police dispatcher, all 911 calls go through the St. Martin Parish Sheriff's office to begin with. Garbage pick-up is nearly double the cost in the town of Henderson than in the annex. While he claims he has plans to develop the annex, the mayor of Henderson testified that he had no money to develop Henderson itself, as exhibited by the fact that, while all the streets in the annex are paved, roughly fifteen streets in Henderson remain gravel roads. Finally, because the annex itself takes in over double the amount of sales tax revenue than the town, it is clear that the benefit of the

7

annexation would be far greater to Henderson than to the property owners in the annexed area. Based on the totality of all these factors, the trial court did not commit manifest error in ruling that the annexation was unreasonable.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against the Town of Henderson.

**AFFIRMED.**